1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rory Brian Riley (ASB 03293)
Morgan and Morgan Arizona PLLC
2355 E. Camelback Road Suite 335
Phoenix, AZ 85016
Phone: 602-735-0250
Email: briley@forthepeople.com

*(Additional Counsel listed below)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FELICIA DURGAN,<br>    on behalf of herself and all others<br>    similarly situated,<br>                Plaintiff,<br>        v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>        Defendant. | Case No.: 2:22-cv-01565<br><br><br>Judge Michael T. Liburdi<br><br><br>Date Filed: September 15, 2022 |
| CHRIS BAGLEY,<br>    individually and on behalf of all others<br>    similarly situated,<br>                Plaintiff,<br>        v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>        Defendant. | Case No.: 2:22-cv-01608<br><br><br>Magistrate Judge James F. Metcalf<br><br><br>Date Filed: September 22, 2022 |

1

| | |
|---|---|
| JOSEPH LAVENTURE, JR.,<br>    individually and on behalf of all others<br>    similarly situated,<br>          Plaintiff,<br>     v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>     Defendant. | Case No.: 2:22-cv-01625<br><br>Senior Judge Roslyn O. Silver<br><br>Date Filed: September 22, 2022 |
| DANIEL TOOKER,<br>    individually and on behalf of all others<br>    similarly situated,<br>          Plaintiff,<br>     v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>     Defendant. | Case No.: 2:22-cv-01631<br><br>Judge Susan M. Brnovich<br><br>Date Filed: September 23, 2022 |
| SANDRA BROWN,<br>individually and on behalf of all others<br>similarly situated,<br>Plaintiff,<br>v.<br><br>U-HAUL INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 2:22-cv-01658<br><br>Judge Steven P. Logan<br><br>Date Filed: September 29, 2022 |

| | |
|---|---|
| CHRISTINE CARTWRIGHT AND CHEYENNE EMERY Hart, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U-HAUL INTERNATIONAL, INC.<br><br>Defendant. | CASE NO.: 2:22-cv-01693-ESW<br><br>Magistrate Judge Eileen S Willett<br><br>Date Filed: October 5, 2022 |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Procedure 42, Plaintiff Felicia Durgan (the "Moving Plaintiff"), and the Plaintiffs in six related cases (*Bagley v. U-Haul International Incorporated,* Case No. 2:22-CV-01608 ("*Bagley*"); *Laventure v. U-Haul International Incorporated,* Case No. 2:22-CV-01625 ("*Laventure*"); *Tooker v. U-Haul International Incorporated,* Case No. 2:22-CV-01631 ("*Tooker*")); *Brown v. U-Haul International Incorporated,* Case No. 2:22-CV-01658 ("*Brown*"); and *Cartwright, et al. v. U-Haul International Incorporated*, Case No. 2:22-CV-01693 ("*Cartwright*") with common questions of facts and law that are currently pending before this Court (collectively, the "Related Actions"), respectfully request that the Court consolidate the *Bagley, Laventure, Tooker*, and *Brown* actions into the first-filed action, *Durgan v. U-Haul International Incorporated,* Case No. 2:22-CV-01565 ("Durgan"). Plaintiffs' counsel have conferred with counsel for Defendant, and Defendant does not oppose consolidation under Rule 42 and L.R.Civ. 42.1. A proposed order is submitted for the Court's consideration.

## I.     LEGAL STANDARD

Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Additionally, L.R. Civ. 42.1 provides that motions for consolidation may be filed in the lowest numbered action.

The Court has "broad discretion" to determine whether to consolidate cases in this district and must weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Caron v. Caesars Ent. Corp.*, No. CV-19-05922-PHX-MTL, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) (citations omitted).

## II.    THE RELATED ACTIONS MAKE COMMON LEGAL AND FACTUAL ALLEGATIONS.

On September 15, 2022, the Moving Plaintiff filed a class action complaint against U-Haul International Incorporated ("U-Haul") alleging various claims arising from a data breach that occurred on U-Haul's systems and was discovered on August 1, 2022 (the "Data Breach"). *Durgan*, Doc. 1, ¶¶ 3-8. On September 22, 2022, Plaintiff Bagley filed a class action complaint against U-Haul arising from the same Data Breach and virtually identical claims as the *Durgan* suit. *Bagley*, Doc. 1. The same day, Plaintiff Laventure filed

a class action complaint against U-Haul arising from the Data Breach and claims identical to those asserted in the *Durgan* suit. *Laventure*, Doc. 1. On September 23, 2022, Plaintiff Tooker filed a class action complaint against U-Haul arising from the Data Breach and virtually identical claims as the *Durgan* suit. *Tooker*, Doc. 1. On September 29, 2022, Plaintiff Brown filed a class action complaint against U-Haul asserting virtually identical facts arising from the Data Breach and virtually identical claims as the *Durgan* suit. *Brown*, Doc. 1. On October 5, 2022, Plaintiffs Cartwright and Emery filed a class action complaint against U-Haul asserting virtually identical facts arising from the Data Breach and virtually identical claims as the *Durgan* suit. *Cartwright*, Doc. 1.  Again, each of the Related Actions arise from the same Data Breach.

Additionally, the Related Actions advance various theories of liability, among other various claims, including the following causes of action: (i) negligence, (ii) breach of implied contract; (iii) unjust enrichment; and (iv) Violations of the Drivers' Privacy Protection Act, 18 U.S.C. § 2721, *et seq*. To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of the Plaintiffs and the putative Class.

## III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED TO REDUCE COSTS AND DELAY.

Here, all four actions involve similar factual allegations against the same Defendant U-Haul regarding the same Data Breach. Plaintiffs in the *Durgan*, *Bagley*, *Laventure*, *Tooker*, *Brown* and *Cartwright* actions agree that consolidation of their claims into one

action for both pre-trial proceedings and trial is not only appropriate, but necessary to avoid duplicative efforts and potentially conflicting rulings. These suits involve similar factual allegations and claims. To allow these cases to proceed as separate matters would waste judicial resources as each of the cases is currently assigned to a different judge.

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. Data breach cases are routinely consolidated in federal courts around the country. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a cyberattack and data breach case:

> Applying the relevant factors from Hendrix, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…

> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. Id. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.

> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs

in favor of consolidation.

Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.

Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and Hendrix, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at

*2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210,

2016 WL 4204781 (M.D. Fla. Aug. 10, 2016); *see also Griffey v. Magellan Health Inc.*,

No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020)

(consolidating data breach cases).

Here, each case asserts substantially similar factual allegations against the same Defendant, arising from the same Data Breach. Each case is in its infancy. Consolidation and reassignment will streamline six similar actions, promoting judicial economy and efficiency. Allowing these cases to proceed individually would strain judicial resources, as the cases were assigned to different judges and one case remains unassigned. Moreover, consolidation imposes no prejudice. Consolidation of the claims into one action for both pre-trial proceedings and trial is not only appropriate, but also necessary to avoid duplicative efforts and potentially conflicting rulings. These suits involve substantially identical factual allegations and claims.

## IV.     FUTURE-FILED RELATED CASES SHOULD BE CONSOLIDATED

To ensure continued judicial efficiency, Plaintiffs respectfully request that the Court order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated in the master action: *In re U-Haul Data Breach Litig.*, Case No.: 2:22:cv-01565-MTL. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

## V. CONCLUSION

Accordingly, the Moving Plaintiffs request that the Court enter an order consolidating the Related Actions in the first-filed case: *Durgan*, under the master case caption *In re U-Haul Data Breach Litig.*, Case No.: 2:22:cv-01565-MTL, and that all future filed related actions filed in or transferred to this district be consolidated in this master case as well.

Undersigned counsel has discussed this motion with counsel for Defendant. Defendant agrees that the Related Actions should be consolidated into *Durgan*.

Dated: October 13, 2022

Respectfully Submitted,

/s/ John A. Yanchunis
Rory Brian Riley (ASB 03293)
Morgan and Morgan Arizona PLLC
2355 E. Camelback Road Suite 335
Phoenix, AZ 85016
Phone: 602-735-0250

Email: briley@forthepeople.com

John A. Yanchunis*
Ryan D. Maxey*
MORGAN & MORGAN COMPLEX
BUSINESS DIVISION
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@ForThePeople.com
rmaxey@ForThePeople.com
Attorneys for Plaintiff and the Proposed Class

William B. Federman*
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Email: wbf@federmanlaw.com

Cristina Perez Hesano (#027023)
cperez@perezlawgroup.com
PEREZ LAW GROUP, PLLC
7508 N. 59th Avenue
Glendale, AZ 85301
Telephone: 602.730.7100
Fax: 623.235.6173

Terence R. Coates*
MARKOVITS, STOCK & DEMARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com

Gary M. Klinger*
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-247-0047
gklinger@milberg.com

M. ANDERSON BERRY**
GREGORY HAROUTUNIAN**
CLAYEO C. ARNOLD,

9

A PROFESSIONAL LAW CORP.
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
Email: aberry@justice4you.com
gharoutunian@justice4you.com

Marc E. Dann**
Brian D. Flick**
DANNLAW
15000 Madison Avenue
Lakewood, OH 44107
Emails: mdann@dannlaw.com
notices@dannlaw.com

Thomas A. Zimmerman, Jr.**
Sharon A. Harris**
ZIMMERMAN LAW OFFICES, P.C.
77 Washington Street, Suite 1220
Chicago, IL 60602
Email: firm@attorneyzim.com

Robert D. Mitchell
Christopher J. Waznik
Anne P. Barber
CM Matthew Luk
TIFFANY & BOSCO, P.A.
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, AZ 85016
Emails:    rdm@tblaw.com;    cjw@tblaw.com;
apb@tblaw.com; cml@tblaw.com

Mark S. Reich**
Courtney E. Maccarone**
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006
Telehone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com

*pro hac vice
** pro hac vice applications
pending/forthcoming

10

*Counsel for the Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

/s/ John A. Yanchunis
John A. Yanchunis