IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felicia Durgan, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>U-Haul International Incorporated,<br><br>   Defendant. | No. CV-22-01565-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Plaintiff Felicia Durgan's Unopposed Motion to Consolidate (Doc. 11) (the "Motion"). Plaintiff moves to consolidate *Durgan, et al. v. U-Haul International Inc.*, Case No. 2:22-cv-1565-MTL, (the "Durgan" case) with the related actions: *Bagley v. U-Haul International Inc.*, Case No. 2:22-CV-01608 (the "Bagley" case); *Laventure v. U-Haul International Inc.*, Case No. 2:22-CV-01625 (the "Laventure" case); *Tooker v. U-Haul International Inc.*, Case No. 2:22-CV-01631 (the "Tooker" case); *Brown v. U-Haul International Inc.*, Case No. 2:22-CV-01658 (the "Brown" case); and *Cartwright, et al. v. U-Haul International Inc.*, Case No. 2:22-CV-01693 (the "Cartwright" case). Defendant does not oppose the Motion. (Doc. 11 at 3.) For the reasons discussed herein, the Motion is granted.

Under Local Rule of Civil Procedure 42.1(a), transfer of cases may be appropriate when they "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for

any other reason would entail substantial duplication of labor if heard by different Judges."

Further, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact." The Court has "broad discretion" under Rule 42(a) in determining whether to consolidate cases pending in the same district. *Inv'rs Research Co., et al. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In reviewing a motion to consolidate, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 742 F.2d 703, 704 (9th Cir. 1984).

The Court finds that transfer and consolidation is appropriate here. The Durgan, Bagley, Laventure, Tooker, Brown, and Cartwright cases arise from the same transaction or event—the "Data Breach." (Doc. 11 at 5.) These cases also involve the same defendant—U-Haul International Inc.—and involve common questions of law and fact. Indeed, having reviewed the respective operative complaints, the Court finds the claims alleged are substantially similar. Consolidation will have the effect of conserving time and effort and will avoid causing the parties to incur unnecessary expenses in trying two separate lawsuits. Both cases are at the initial stages of litigation, and no prejudice will result from consolidation. Moreover, consolidation will remove the need for duplication of labor that would otherwise result from having the cases continue separately. In light of the foregoing, the Court will grant the Motion.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Unopposed Motion to Consolidate (Doc. 11).

**IT IS FURTHER ORDERED** the Clerk of the Court shall transfer and consolidate case numbers CV-22-01565-PHX-MTL with 22-CV-01608-PHX-JFM; 22-CV-01625-PHX-ROS; 22-CV-01631-PHX-SMB; 22-CV-01658-PHX-SPL; and 22-CV-01693-PHX-ESW. The Clerk of the Court shall file a copy of this Order in all the previously listed case numbers. All future filings shall bear case number CV-22-01565-PHX-MTL as the lead case and be submitted in substantially the same format as the caption of this order. All

future filings related to these cases shall be filed in CV-22-01565-PHX-MTL.

**IT IS FURTHER ORDERED** that Plaintiff shall file a single operative consolidated complaint (the "Consolidated Complaint") in the lead case within 30 days of the date of this Order. Defendant shall file its answer or otherwise respond to Plaintiffs' Consolidated Complaint within 30 days of the Consolidated Complaint's filing. If Defendant files a motion, Plaintiffs shall have 30 days to respond to any motion Defendant may file. Defendant shall have 14 days to file a reply in support of any motion it may file.

Dated this 28th day of October, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge