# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, ("2022 Data Incident Plaintiffs") and Ariana Allen (collectively with 2022 Data Incident Plaintiffs, "Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through Class Counsel (as defined below), and Defendant U-Haul International, Inc., ("U-Haul" or "Defendant") in order to effect a full and final settlement and dismissal with prejudice of all claims against U-Haul alleged in the above-captioned litigation on the terms set forth below and to the full extent reflected herein.

## I. RECITALS

### 1. The Litigation.

In August 2022, U-Haul became aware that from November 5, 2021 until April 5, 2022, an unauthorized actor potentially gained access to certain systems and potentially accessed certain information stored within those systems (the "2022 Data Incident"). U-Haul began notifying 2022 Data Incident Plaintiffs and the Settlement Class about the 2022 Data Incident in September 2022.

Separately, on December 5, 2023 U-Haul became aware that an unauthorized actor gained access to certain systems and accessed certain customer records stored within those systems (the "2023 Data Incident," collectively with the 2022 Data Incident the "Data Incidents"). U-Haul began notifying Plaintiff Ariana Allen ("Plaintiff Allen") and the Settlement Class about the 2023 Data Incident on or about February 22, 2024.

In response, Plaintiffs allege they spent hours responding to the Data Incidents, including by monitoring their accounts, reviewing their credit reports, and researching credit monitoring options. Additionally, Plaintiffs allege they have experienced an increase in fraudulent and spam

calls arising from the Data Incidents. As a result of these losses, Plaintiffs filed various actions which have been consolidated into the above captioned matter.

In March 2024, the Parties (as defined below) were able to reach an agreement on all the principal terms of settlement for this matter, subject to final mutual agreement on all necessary documentation.

**2. Claims of Plaintiffs and Benefits of Settling.**

Plaintiffs believe that the claims asserted in the Lawsuit (as defined below), and as set forth in the Complaint (as defined below), have merit. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Lawsuit against U-Haul through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risks of further litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel and Plaintiffs' Counsel are experienced in class action litigation and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Lawsuit. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

**3. Denial of Wrongdoing and Liability.**

U-Haul denies each and all of the claims and contentions alleged against it in the Lawsuit. U-Haul denies all allegations of wrongdoing or liability as alleged, or which could be alleged, in the Lawsuit. Nonetheless, U-Haul has concluded that further defense of the Lawsuit would be protracted and expensive, and that it is desirable that the Lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. U-Haul has taken into account the uncertainty and risks inherent in any litigation. U-Haul has, therefore,

determined that it is desirable and beneficial that the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## II. TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and U-Haul that, subject to the approval of the Court, the Lawsuit and the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Lawsuit shall be dismissed with prejudice as to the Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1. DEFINITIONS.

As used in this Settlement Agreement and its exhibits, the following terms have the meanings specified below:

1.1 "***2022 Data Incident***" means the cyberattack incident allegedly involving Plaintiffs' and Settlement Class Members' Private Information that U-Haul sent notice of on or about September 9, 2022.

1.2 "***2022 Data Incident Plaintiffs***" means Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera and Mark Johnson.

1.3 "***2023 Data Incident***" means the cyberattack incident allegedly involving Plaintiff Allen's and Settlement Class Members' Private Information that U-Haul sent notice of on or about February 22, 2024.

1.4 "***Business days***" means calendar days not including Saturday, Sunday, or federal holidays.

1.5 "***Claim Deadline***" means a date certain, which is to be set forth in the Notice and which shall be no more than ninety (90) Days from the date Notice is mailed to Settlement Class Members.

1.6 "***Claim Form(s)***" means the forms, attached as **Exhibit C** to this Settlement Agreement, which Settlement Class Members must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein. The Claim Forms shall require an actual or electronic sworn signature but shall not require a notarization.

1.7 "***Class Counsel***" shall mean Terence R. Coates of Markovits, Stock & DeMarco, LLC.

1.8 "***Complaint***" means the Second Amended Consolidated Class Action Complaint filed by Plaintiffs in the Lawsuit.

1.9 "***Court***" means the United States District Court for the District of Arizona.

1.10 "***Data Incidents***" means the 2022 Data Incident and the 2023 Data Incident taken together.

1.11 "***Days***" means calendar days, except, when computing any period of time prescribed or allowed by this Settlement Agreement, does not include the day of the act, event, or default from which the designated period of time begins to run. Further, when computing any period of time prescribed or allowed by this Settlement Agreement, include the last day of the period, unless it is a Saturday, a Sunday, or a Federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or Federal legal holiday.

1.12 "***Effective Date***" means the date defined in Paragraph 14.1 of this Settlement Agreement.

1.13 "***Escrow Account***" means the qualified Settlement Fund, which will be deposited with Western Alliance Bank.

1.14 "***Final***" means that all of the following events have occurred: (a) the settlement pursuant to this Settlement Agreement is approved by the Court; (b) the Court has entered the Final Order and Judgment; and (c) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal or seek permission to appeal therefrom have expired, or (ii) if an appeal or other review proceeding of the judgment has been commenced, such appeal or other review is finally concluded and no longer is subject to further review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects. Notwithstanding the above, any order modifying or reversing any Service Award or award of attorneys' fees or expenses shall not affect whether a judgment in this matter is Final or any other aspect of the judgment.

1.15 "***Final Approval Hearing***" means the hearing in the Lawsuit at which the Court considers final approval of this Settlement and the entry of the Final Order and Judgment.

1.16 "***Final Order and Judgment***" means the final judgment and order of dismissal with prejudice to be entered in the Lawsuit in connection with the approval of the Settlement after the Final Approval Hearing, which is substantially similar to **Exhibit E** to this Settlement Agreement.

1.17 "***Lawsuit***" means the lawsuit, styled *Durgan et al. v. U-Haul International Incorporated*, Case No.: 2:22-cv-01565-MTL pending in the United States District Court for the District of Arizona.

1.18 "***Notice***" means the notice to be sent or published to Settlement Class Members pursuant to the Preliminary Approval Order, attached as **Exhibits A and B** to this Settlement Agreement.

1.19 "***Notice and Settlement Administration Costs***" means actual costs associated with or arising from providing notice to Settlement Class Members and performing Settlement Administration in connection with the Settlement.

1.20 "***Notice Deadline***" means within thirty (30) Days of the entry of the Preliminary Approval Order, by which time the Settlement Administrator shall send the Notice in **Exhibit A** to all Settlement Class Members whose email and/or mailing addresses are known to U-Haul.

1.21 "***Notice Program***" means the notice program described in Section 5.

1.22 "***Objection Deadline***" means the time period in which a Settlement Class Member may submit an Objection, which is sixty (60) Days after the Notice Deadline.

1.23 "***Opt-Out Period***" means the time period ordered by the Court during which a Settlement Class Member may submit an Opt-Out Request to opt-out of the benefits available under the Settlement Agreement and also not be bound by the Settlement Agreement. The Parties will recommend to the Court this period be sixty (60) Days from the Notice Deadline.

1.24 "***Opt-Out Request***" means a written request that a Settlement Class Member may submit to the Settlement Administrator as detailed under Section 6 below if he or she wants to be excluded from the Settlement Class and not be bound by the Settlement Agreement.

1.25 "***Parties***" means Plaintiffs, individually and on behalf of the Settlement Class, and U-Haul.

1.26 "***Person***" means an individual.

1.27 "***U-Haul***" means U-Haul International, Inc., a Nevada corporation.

1.28 "***U-Haul Counsel***" means Shook, Hardy & Bacon, LLP and its attorneys.

1.29 "***Private Information***" ***or*** "***PII***" means "Personally Identifiable Information" and includes, but is not limited to, full names, dates of birth and driver's license or state identification numbers.

1.30 "***Plaintiffs***" ***or "Settlement Class Representatives***" means Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen.

1.31 "***Plaintiffs' Counsel***" means the other Plaintiffs' counsel who worked with Class Counsel to represent Plaintiffs in this matter, including M. Anderson Berry and Gregory Haroutunian, Clayeo C. Arnold, APC d/b/a Arnold Law Firm; Gary M. Klinger and David M. Lietz, Milberg Coleman Bryson Phillips Grossman PLLC; Kiley L. Grombacher, Bradley Grombacher LLP; Cristina Perez Hesano, Perez Law Group LLP; A. Brooke Murphy, Murphy Law Firm; Ryan D. Maxey, Maxey Law Firm PA; William B. Federman, Federman & Sherwood; John Y. Yanchunis, Morgan & Morgan; Marc E. Dann, Dann Law; Courtney Maccarone, Levi & Korsinsky LLP; and, Thomas A. Zimmerman, Jr., Zimmerman Law Offices PC.

1.32 "***Preliminary Approval Date***" means the date on which the Preliminary Approval Order has been entered by the Court.

1.33 "***Preliminary Approval Order***" means the order preliminarily approving the Settlement and providing for Notice to the Settlement Class, which is substantially similar to **Exhibit D** to this Settlement Agreement.

1.34 "***Pro Rata Monetary Payment***" means the monetary settlement payment as described in more detail in Paragraph 3.1 below that Settlement Class Members will receive from the Settlement Fund if they submit a valid Claim Form.

1.35 "***Residual Funds***" means any funds that remain in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or redeeming Settlement Payments has expired. The Residual Funds will be sent to the Internal Association of Privacy Professionals Student Scholarship Fund, a 501(c)(6) organization, subject to Court approval.

1.36 "***Released Claims***" means any and all claims, demands, rights, or causes of action of any type or nature whether legal, equitable, statutory, based on the common law, or otherwise, whether individual, class, direct, representative or otherwise, for damages, losses, penalties, attorney's fees, or any other type of remedy or relief be it monetary or injunctive, existing or potential, accrued or unaccrued, suspected or unsuspected, that were asserted in the Complaint or are reasonably related to the facts and claims alleged in the Lawsuit, including any Unknown Claims. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.37 "***Released Persons***" means U-Haul, including its parents, subsidiaries, divisions, predecessors and successors, and each of their respective past and present officers, directors, stockholders, partners, members, employees, executors, predecessors, successors, attorneys, insurers, agents, and assigns.

1.38 "***Service Award***" means compensation awarded by the Court and paid to the Settlement Class Representatives in recognition of their roles in this litigation.

1.39 "***Settlement***" means the settlement of the Lawsuit upon the terms and conditions set forth in this Settlement Agreement.

1.40 "***Settlement Administration***" means providing notice of the Settlement to Settlement Class Members and governmental entities, including notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b), the processing of claims, requests for exclusions and objections and payment of approved claims received from Settlement Class Members by the Settlement Administrator.

1.41 "***Settlement Administrator***" means Kroll Settlement Administration, LLC ("Kroll") or another company experienced in administering class action claims generally and specifically those of the type provided for and made in Lawsuit, if jointly agreed upon by the parties and approved by the Court. The Settlement Administrator shall use Digital Disbursements, a wholly owned subsidiary of Western Alliance Bank, to pay Settlement Class Members who select a digital payment option.

1.42 "***Settlement Agreement***" means this Settlement Agreement, including all exhibits hereto.

1.43 "***Settlement Class***" means: All individuals who resided in California at any time during, and whose PII was compromised in, the data incident that is the subject of the *Notice of Recent Security Incident* that Defendant sent to Plaintiffs and Settlement Class Members on or around September 9, 2022 and the data incident that is the subject of the *Notice of Recent Security Incident* that Defendant sent to Plaintiff Allen and 2023 Data Incident plaintiffs on or around February 22, 2024. Excluded from the Settlement Class are: (i) U-Haul, Inc.; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incidents or who pleads nolo contendere to any such

charge. Any Settlement Class Member whose Private Information was involved in the 2022 Data Incident and 2023 Data Incident will be eligible to receive two Pro Rata Monetary Payments under this Settlement (one for each Data Incident). There are approximately 2,458 Settlement Class Members whose Private Information was involved in both the 2022 Data Incident and the 2023 Data Incident. There are roughly 248,078 Settlement Class Members whose Private Information was involved in the 2022 Data Incident and roughly 13,889 Settlement Class Members whose Private Information was included in the 2023 Data Incident.

1.44 "***Settlement Fund***" means the non-reversionary sum of five million eighty-five thousand dollars ($5,085,000) to be paid by Defendant or its insurer as specified in this Agreement, including any interest accrued thereon after payment, this being the full and complete extent of Defendant's obligations with respect to the Settlement but for any remedial business practice changes agreed to by the Parties. The Settlement Fund will be established by the Settlement Administrator or Class Counsel pursuant to 26 C.F.R. § 1.468B-1 at Western Alliance Bank, in which U-Haul will deposit $5,085,000 in settlement funds and from which all monetary compensation to the Settlement Class and attorneys' fees and expenses, Settlement Administration Costs and Expenses, and Service Awards shall be paid, including the cost of any CAFA Notice.

1.45 "***Settlement Class Member[s]***" means all persons who fall within the definition of the Settlement Class.

1.46 "***Settlement Website***" means a dedicated website created and maintained by the Settlement Administrator (www.uhauldatasettlement.com), which will contain relevant documents and information about the Settlement, as agreed upon between the Parties, including this Settlement Agreement, Notice, and Claim Form, among other things, and include the ability to submit Claim Forms online.

1.47 "***United States***" includes all fifty (50) states, the District of Columbia, and all territories.

1.48 "***Unknown Claims***" means any of the Released Claims that any member of the Settlement Class, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Release Effective Date, Plaintiffs intend to and expressly shall have, and each of the other members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Members of the Settlement Class, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of the

Judgment shall have, upon the Release Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and members of the Settlement Class shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

**2. CLASS CERTIFICATION**

2.1 Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, U-Haul agrees to stipulate to the certification of the Settlement Class and will not oppose Plaintiffs' request for certification.

2.2 Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, U-Haul stipulates that Plaintiffs are adequate representatives of the Settlement Class, and that Class Counsel are adequate counsel for the Settlement Class.

2.3 If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, shall be vacated, and the Lawsuit shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Party's position on the issue of class certification or any other issue. The Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved. In the event of non-approval, termination, or cancellation of this Settlement Agreement, U-Haul shall be responsible for administration and notification costs incurred, if any, but shall have no other payment, reimbursement, or other financial obligation of any kind as a result of this Settlement Agreement.

## 3. SETTLEMENT BENEFITS

Subject to the terms of this Settlement Agreement, U-Haul shall fund a non-reversionary settlement fund ("Settlement Fund") in the amount of $5,085,000. Within twenty-one (21) business days after entry of an order granting Preliminary Approval of the settlement, U-Haul will deposit one million ($1,000,000) of the Settlement Fund into the Escrow Account, which shall be available to cover Notice and the Costs of Settlement Administration incurred prior to entry of the Final Approval Order and Judgment. U-Haul shall pay the balance of the Settlement Fund, $4,085,000, into the Escrow Account twenty-one (21) business days after the Effective Date. From the Settlement Fund, the Settlement Administrator shall pay all Costs of Settlement Administration; all valid Claims; any Service Awards to the Class Representatives; and any attorneys' fees and costs to Class Counsel and Plaintiffs' Counsel. The Settlement Fund represents the total extent of the Released Persons' monetary obligations under this Settlement Agreement. The Settlement Administrator shall be responsible for all tax filings with respect to the Settlement Fund.

3.1 *Pro Rata* Monetary Payment: All Settlement Class Members may claim a *pro rata* monetary payment that is expected to be approximately $100 from the Settlement Fund. The *pro rata* monetary payment will be calculated by dividing the amount available from the Settlement Fund after the deduction of any Notice and Settlement Administration Costs, attorneys' fees, litigation expenses, and Service Awards, by the number of Settlement Class Members who submit valid claims under the Settlement. If any monies remain in the Settlement Fund more than one hundred twenty (120) Days after the distribution of *Pro Rata* Monetary Payments to Settlement Class Members who have submitted valid Claim Forms, such funds will be Residual Funds under this Agreement and will be distributed to the International Association of Privacy Professionals

Student Scholarship Fund, a 501(c)(6) organization that provides education and awareness of data privacy issues, as *cy pres* recipient, subject to Court approval.

3.2 Remedial Measures. Separate from and in addition to the Settlement Fund, Defendant agrees to provide written confirmation to Plaintiffs' Counsel of subsequent remedial measures taken after the 2022 Data Incident and the 2023 Data Incident to protect the continuing interests of Plaintiffs' and Settlement Class Members' data security. Costs associated with these data security measures shall be paid by Defendant separate and apart from the Settlement Fund.

3.3 Claims Period. The Parties agree that the period for submitting claims will be set at a date certain no more than ninety (90) Days from the date that Notice is sent to the Settlement Class Members.

3.4 The Settlement Administrator will provide information to U-Haul regarding approved claims, including all documentation to substantiate the claim upon request. U-Haul shall have up to five (5) business days after being provided this information to dispute any approved claim.

3.5 The Settlement Administrator will make a final and binding determination regarding any disputed claim by a Settlement Class Member.

3.6 The entire settlement is subject to court approval. The Effective Date for the settlement is defined in Paragraph 14.1.

**4. SETTLEMENT ADMINISTRATION.**

4.1 All Notice and Settlement Administration Costs will be paid from the Settlement Fund.

4.2 The Parties have agreed to request that the Court appoint Kroll as Settlement Administrator. Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.

4.3 The Settlement Administrator will cause the Notice Program to be effectuated in accordance with the terms of this Settlement Agreement and any orders of the Court. The Settlement Administrator may request the assistance of the Parties to facilitate providing notice and to accomplish such other purposes as may be approved by U-Haul Counsel and Class Counsel. The Parties shall reasonably cooperate with such requests.

4.4 The Settlement Administrator will administer and update the Settlement Website in accordance with the terms of this Settlement Agreement. Class Counsel and U-Haul Counsel shall agree on the information and documents to be posted on the Settlement Website before the information/documents are posted to the site.

4.5 The Settlement Administrator will conduct Settlement Administration in accordance with the terms of the Settlement Agreement, and any additional processes agreed to by Settlement Class Counsel and U-Haul Counsel, and subject to the Court's supervision and direction as circumstances may require. The Settlement Administrator shall within ten (10) Days after the filing of the motion seeking Preliminary Approval of the Settlement, acting on behalf of U-Haul, have served or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

4.6 To make a claim for monetary compensation, a Settlement Class Member must complete and submit a valid, timely Claim Form. Claim Forms shall be submitted by U.S. mail or electronically through the Settlement Website and must be postmarked or submitted no later than

the Claim Deadline. Claim Forms submitted via U.S. mail who elected an e-payment option will be sent an email to the email address provided on their claim form to verify and select the e-payment option of their choice. If the claimant does not select an e-payment option after 14 days of receiving the email, they will automatically be sent a settlement check.

4.7 The Settlement Administrator will review and evaluate each Claim Form for timeliness, completeness, and validity.

4.8 The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether the claimant: (1) is a Settlement Class Member; and (2) has submitted a valid Claim Form. The Settlement Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Settlement Administrator may reasonably require in order to evaluate the claim.

4.9 The Settlement Administrator will maintain records of all Claim Forms submitted until one hundred and eighty (180) Days after the Effective Date. Claim Forms and supporting documentation may be provided to the Court upon request and to Class Counsel and/or U-Haul Counsel to the extent requested or necessary to resolve Settlement Administration issues pursuant to this Settlement Agreement. U-Haul or the Settlement Administrator will provide other reports or information as requested by the Court.

4.10 Subject to the terms and conditions of this Settlement Agreement, the Settlement Administrator shall mail or otherwise provide payment for approved claims within sixty (60) Days of the Effective Date, or within sixty (60) Days of the date that the Claim is approved, whichever is later.

4.11 Payment for approved Claims shall be mailed or otherwise sent to the Settlement Class Member in the manner indicated on his or her Claim Form.

4.12 Any checks issued under this section shall be void if not negotiated within ninety (90) Days of their date of issue and shall bear the language: “This check must be cashed within 90 days, after which time it is void.” Checks issued pursuant to this section that are not negotiated within ninety (90) Days of their date of issue shall not be reissued. If a Settlement Class Member fails to cash a check issued under this section before it becomes void, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member’s right to receive monetary relief under the Settlement shall be extinguished, and U-Haul shall have no obligation to make payments to the Settlement Class Member for compensation or loss reimbursement under Paragraph 3.1 or to make any other type of monetary relief to the Settlement Class Member. Such a Settlement Class Member remains bound by all terms of the Settlement Agreement.

4.13 The settlement funds and benefits that U-Haul shall create or provide will not be subject to any non-claim statutes or any possible rights of forfeiture or escheat. All monies that might be paid are not vested, contingently due, or otherwise monies in which a Settlement Class Member has an enforceable right and shall remain the property of U-Haul until all conditions for payment have been met. No interest shall accrue or be payable in connection with any payment due under this Settlement Agreement.

4.14 Information submitted by Settlement Class Members in connection with submitted claims for benefits under this Settlement Agreement shall be deemed confidential and protected as such by the Settlement Administrator, Class Counsel, Plaintiffs’ Counsel and U-Haul Counsel. The Settlement Administrator is authorized to and shall provide to Class Counsel and U-Haul Counsel upon request information regarding approved claims including all documentation supporting approved claims.

**5. NOTICE TO SETTLEMENT CLASS MEMBERS.**

5.1 The Parties agree that the following Notice Program provides reasonable notice to the Settlement Class.

5.2 Notice shall be provided to Settlement Class Members via: (1) direct notice via mail or email; and (2) notice on the Settlement Website.

5.3 Within ten (10) Days of the entry of the Preliminary Approval Order, U-Haul shall provide the Settlement Administrator with the names and physical or electronic mailing addresses of the Settlement Class Members whose mailing addresses are known to U-Haul. The Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updates, if any, to the mailing addresses.

5.4 Within thirty (30) Days of the entry of the Preliminary Approval Order (the "Notice Deadline"), the Settlement Administrator shall send the Notice in **Exhibit A** to all Settlement Class Members whose email and/or mailing addresses are known to U-Haul.

5.5 If any Notice is returned by the Postal Service as undeliverable, the Settlement Administrator shall remail the Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Where the undeliverable Notice is returned without a forwarding address, the Settlement Administrator shall make reasonable efforts to ascertain the correct address of the Settlement Class Member whose Notice was returned undeliverable and remail the Notice. Other than as set forth in the preceding sentence, neither the Parties nor the Settlement Administrator shall have any obligation to remail a Notice to a Settlement Class Member.

5.6 The Notice mailed to Settlement Class Members will consist of a Short Form Notice in a form substantially similar to that attached hereto as **Exhibit A**. The Settlement Administrator

shall have the discretion to format the Short Form Notice in a reasonable manner to minimize mailing and administrative costs. Before Notices are sent, Class Counsel and U-Haul Counsel shall first be provided with a proof copy (reflecting what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and any orders of the Court.

5.7 No later than thirty (30) Days following entry of the Preliminary Approval Order and engagement of a Settlement Administrator, and prior to the mailing of the Notice to Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website. The Settlement Administrator shall cause the Complaint, the Short Form Notice, the Long Form Notice (substantially similar to that attached hereto as **Exhibit B**), and the Claim Form (in a form substantially similar to that attached hereto as **Exhibit C**), as approved by the Court, as well as this Settlement Agreement, to be made available to Settlement Class Members via the Settlement Website through the use of log-in credentials. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by Class Counsel and/or Plaintiffs' Counsel and U-Haul Counsel, which approval shall not be unreasonably withheld. The Settlement Website address and the fact that the Long Form Notice and a Claim Form are available through the Settlement Website shall be included in the Notice sent to Settlement Class Members.

5.8 The Settlement Website shall be maintained and updated until ninety (90) Days after the Effective Date.

5.9 Claim Forms shall be returned or submitted to the Settlement Administrator via U.S. mail or submitted through the Settlement Website by the Claim Deadline set by the Court or be forever barred.

5.10 Before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel and U-Haul Counsel an appropriate affidavit or declaration from the Settlement Administrator with respect to its compliance with the Court-approved Notice Program, to be filed with the Court concurrently with the motion for Final Approval of the Settlement.

5.11 The Settlement Fund shall be used to pay the entirety of the Costs of Settlement Administration and the costs of providing notice to the Settlement Class in accordance with the Preliminary Approval Order.

**6. OPT-OUT PROCEDURE.**

6.1 Each Settlement Class Member shall have the right to opt out and not participate in the Settlement Agreement, as provided for in the Preliminary Approval Order.

6.2 The Notice shall inform each Settlement Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Settlement Agreement, if, within such time as is ordered by the Court ("Opt-Out Period"), the Settlement Class Member personally signs and timely submits, completes, and mails a request for exclusion ("Opt-Out Request") to the Settlement Administrator at the address set forth in the Notice. To be effective, an Opt-Out Request must be postmarked no later than the final date of the Opt-Out Period.

6.3 The Parties will recommend to the Court that the Opt-Out Period be the sixty (60)-Day period beginning upon the Notice Deadline.

6.4 For a Settlement Class Member's Opt-Out Request to be valid, it must (a) state his or her full name, address, and telephone number; (b) contain the Settlement Class Member's personal signature (or the signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on behalf of the Settlement Class Member with respect to a claim or right, such as those in the Lawsuit); and (c) clearly manifest the

Settlement Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Class Counsel and U-Haul Counsel of any Opt-Out Requests.

6.5 All Settlement Class Members who submit timely and valid Opt-Out Requests in the manner set forth in Paragraph 6.4, above, referred to herein as "Opt-Outs," shall receive no benefits or compensation under this Settlement Agreement, shall gain no rights from the Settlement Agreement, shall not be bound by the Settlement Agreement, and shall have no right to object to the Settlement or proposed Settlement Agreement or to participate at the Final Approval Hearing. All Settlement Class Members who do not request to be excluded from the Settlement Class in the manner set forth in Paragraph 6.4, above, shall be bound by the terms of this Settlement Agreement, including the Release contained herein, and any judgment entered thereon, regardless of whether he or she files a Claim Form or receives any monetary benefits from the Settlement.

6.6 An Opt-Out Request or other request for exclusion that does not fully comply with the requirements set forth in Paragraph 6.4, above, or that is not timely submitted or postmarked, or that is sent to an address other than that set forth in the Notice, shall be invalid, and the person submitting such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and any judgment entered thereon.

6.7 No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Settlement Class Members as a group, in the aggregate, or as a class involving more than one Settlement Class Member; or (b) to opt-out more than one Settlement Class Member on a single paper, or as an agent or representative. Any such purported Opt-Out

Requests shall be void, and the Settlement Class Member(s) who is or are the subject of such purported Opt-Out Requests shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely Opt-Out Request.

6.8 Within fourteen (14) Days after the Opt-Out Period, the Settlement Administrator shall furnish to Class Counsel and to U-Haul Counsel a complete list of all timely and valid Opt-Out Requests (the "Opt-Out List").

**7. OBJECTIONS TO THE SETTLEMENT.**

7.1 Any Settlement Class Member who wishes to object to the Settlement Agreement must submit a timely and valid written notice of his or her objection ("Objection") by the Objection Deadline (as defined herein). Such notice shall: (i) state the objecting Settlement Class Member's full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Member's signature; and (iii) set forth a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable.

7.2 To be timely, an Objection must be filed with the Clerk of the Court and mailed or hand delivered concurrently upon Class Counsel and U-Haul Counsel at addresses set forth in the Notice no later than sixty (60) Days after the Notice Deadline ("Objection Deadline"). The deadline for filing Objections shall be included in the Notice.

7.3 If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the objection filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, and state bar(s) to which counsel is admitted.

7.4 If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least thirty (30) Days before the Final Approval Hearing.

7.5 Any Settlement Class Member who fails to comply in full with the requirements for objecting set forth in this Settlement Agreement, the Notice, and any applicable orders of the Court shall forever waive and forfeit any and all rights he or she may have to raise any Objection to the Settlement Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be bound by the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in this Section.

**8. ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD.**

8.1 U-Haul has agreed to a Service Award to be paid to Plaintiffs in an amount not to exceed two thousand dollars ($2,000.00) to each of the Plaintiffs, which award is intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class. Plaintiffs will not request Service Awards exceeding two thousand dollars ($2,000.00) per Plaintiff. If approved by the Court, the Service Award will be paid from the Settlement Fund.

8.2 U-Haul has agreed not to oppose an award of attorneys' fees in an amount not to exceed thirty percent (30%) of the Settlement Fund, or one million five hundred twenty-five thousand five hundred dollars ($1,525,500.00), to Class Counsel and Plaintiffs' Counsel and up to seventy thousand dollars ($70,000) in reasonable litigation costs and expenses. Class Counsel and Plaintiffs' Counsel will not request an award of attorneys' fees exceeding thirty percent (30%) of

the Settlement Fund, or one million five hundred twenty-five thousand five hundred dollars ($1,525,500.00), and seventy thousand dollars ($70,000) in reasonable litigation costs and expenses. The attorneys' fees and costs will be paid from the Settlement Fund.

8.3 Class Counsel will file the application with the Court for the Service Award and attorneys' fees and expenses no later than fourteen (14) Days before the deadlines for a Settlement Class Member to opt out of or object to the Settlement, unless otherwise ordered by the Court.

8.4 The Parties agree that U-Haul will not in any event or circumstance be required to pay any amounts to Plaintiffs or Class Counsel for a Service Award or attorneys' fees and expenses in excess of the amounts identified above in Paragraphs 8.1 and 8.2.

8.5 The Parties agree that the Court's approval or denial of any request for a Service Award and/or attorneys' fees and costs are not conditions to this Settlement Agreement. The Parties further agree that the amount(s) of a Service Award, and of any award of attorneys' fees or costs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No order of the Court, or modification, reversal, or appeal of any order of the Court, concerning the amount of a Service Award or any attorneys' fees or expenses, ordered by the Court to be paid to Class Counsel, or Plaintiffs, shall affect whether the Final Order and Judgment is Final, cancel, or terminate this Settlement Agreement, or constitute grounds for cancellation or termination of this Settlement Agreement.

8.6 If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any attorneys' fees and expenses and any Service Awards for the Class Representatives, as set forth in ¶¶ 8.1 and 8.2, in the amounts awarded by the Court within thirty (30) Days after the Effective Date. Payment will be made to accounts designated by Class Counsel. Class Counsel shall have sole discretion in allocating attorneys' fees and expenses to Plaintiffs' Counsel including

considering each of Plaintiffs' Counsel time and expenses devoted to the prosecution of this case for the benefit of the Class.

**9. NOTICES.**

9.1 All notices (other than the Notice) required by the Settlement Agreement shall be made in writing and communicated by mail or hand delivery to the following addresses:

All Notices to Class Counsel or Plaintiffs shall be sent to:

Terence R. Coates
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202

All Notices to U-Haul Counsel or U-Haul shall be sent to:

Alfred J. Saikali
**SHOOK HARDY & BACON, LLP**
201 S. Biscayne Blvd., Ste. 3200
Miami, FL 33131

9.2 Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, Objections, requests for exclusion, or other documents, communications, or filings received as a result of the Notice.

**10. SETTLEMENT APPROVAL PROCESS.**

10.1 As soon as practicable after execution of this Settlement Agreement, the Parties shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement, requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D**, or an order substantially similar to such form in both terms and cost, which:

(a) Preliminarily approves this Settlement Agreement;

(b) Certifies the Settlement Class for settlement purposes only pursuant to Section 2;

(c) Finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to Settlement Class Members;

(d) Appoints the Settlement Administrator in accordance with the provisions *supra*;

(e) Approves the Notice Program and directs the Settlement Administrator to provide Notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

(f) Approves a customary form of short notice to be sent to Settlement Class Members (the "Short Form Notice") in a form substantially similar to the one attached hereto as **Exhibit A** and a customary long form of notice ("Long Form Notice") in a form substantially similar to the one attached hereto as **Exhibit B**, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the Settlement set forth in this Settlement Agreement, instructions for how to opt-out of or object to the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time, and place of the Final Approval Hearing;

(g) Approves a Claim Form substantially similar to that attached hereto as **Exhibit C**, and directs the Settlement Administrator to conduct Settlement Administration in accordance with the provisions of this Settlement Agreement;

(h) Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

(i) Schedules a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court;

(j) Appoints Class Counsel;

(k) Appoints Plaintiffs as the Settlement Class Representatives; and

(l) Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

**11. FINAL APPROVAL HEARING.**

11.1 Class Counsel and U-Haul Counsel shall request that after Notice is completed, the Court hold a Final Approval Hearing and grant final approval of the Settlement set forth herein. The Parties will recommend that the Final Approval Hearing be scheduled no earlier than one hundred twenty (120) Days after the entry of the Preliminary Approval Order.

11.2 Plaintiffs will file with the Court their brief in support of Final Approval of the Settlement no later than fourteen (14) Days before the Final Approval Hearing, or as directed by the Court.

11.3 Plaintiffs will file with the Court their brief in support of attorneys' fees and costs and Service Award no later than fourteen (14) Days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement, or as directed by the Court.

11.4 The Parties shall ask the Court to enter a Final Order and Judgment in substantially the same form as **Exhibit E** attached hereto.

11.5 If and when the Final Order and Judgment becomes Final, the Lawsuit shall be dismissed with prejudice, with the Parties to bear their own attorneys' fees, costs, and expenses not otherwise provided in accordance with this Settlement Agreement.

**12. TERMINATION OF THIS SETTLEMENT AGREEMENT.**

12.1 Each Party shall have the right to terminate this Settlement Agreement if:

(a) The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that is not substantially similar in form and substance to **Exhibit D** attached hereto);

(b) The Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from **Exhibit E** attached hereto); or

(c) The Final Order and Judgment do not become Final because a higher court reverses final approval by the Court.

12.2 In the event that more than 2 percent of the Settlement Class has opted out, U-Haul may, by notifying Class Counsel, in writing, void this Settlement Agreement within five (5) business days from the date the Settlement Administrator provides U-Haul with written notice of the final number of opt-outs. If U-Haul voids the Settlement Agreement pursuant to this paragraph, U-Haul shall be obligated to pay all Settlement Administration expenses incurred, excluding any attorneys' fees and expenses of Class Counsel and any Service Awards, and U-Haul shall not seek recovery of the same from any other party to the Lawsuit or from Counsel to any other party to the Lawsuit.

12.3 If a Party elects to terminate this Settlement Agreement under this Section 12, that Party must provide written notice to the other Party's counsel, by hand delivery, mail, or email within ten (10) Days of the occurrence of the condition permitting termination. The party who elects to terminate this Settlement Agreement shall be exclusively responsible for its own attorney's fees and costs incurred related to the negotiation and preparation of this Settlement

Agreement, and payment of the Settlement Administrator's costs/fees incurred up to the point of termination.

12.4 Nothing shall prevent Plaintiffs or U-Haul from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement. In the event such appellate proceedings result, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Lawsuit with prejudice, and otherwise meeting the substantive criteria of this Settlement Agreement for approval of the Settlement, such order shall be treated as a Final Order and Judgment.

12.5 If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*; (iii) U-Haul shall be responsible for all Notice and Settlement Administration Costs incurred prior to the termination or disapproval; (iv) all Parties shall be deemed to have reverted to their respective positions and status in the Lawsuit as of the date this Settlement Agreement was executed and shall jointly request that a new case schedule be entered by the Court; and (v) U-Haul shall have no payment, reimbursement, or other financial obligation of any kind as a result of this Settlement Agreement, other than as stated in Sub-Part (iii) above.

**13. RELEASE.**

13.1 On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim may be pursued against U-Haul or any Released Persons with respect to the Released Claims.

13.2 Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

13.3 On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiffs and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the “Releasing Persons”), and (ii) Class Counsel and Plaintiffs’ Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set

forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

13.4 Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for Service Awards to Plaintiffs.

13.5 Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or this Settlement.

13.6 As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiffs, the Settlement Class Members, Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses U-Haul or other Released Persons may have against Plaintiffs, the Settlement Class Members, Class Counsel, Plaintiffs' Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion,

settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

13.7 Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

**14. EFFECTIVE DATE.**

14.1 The "Effective Date" of this Settlement Agreement shall be ten (10) Days after the date when each and all of the following conditions have occurred:

(a) This Settlement Agreement has been fully executed by all Parties and their counsel;

(b) Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Notice Program and Claim Form, all as provided above;

(c) The Court-approved Notice has been sent and the Settlement Website has been duly created and maintained as ordered by the Court;

(d) The Court has entered a Final Order and Judgment finally approving this Settlement Agreement, as provided above;

(e) The Final Order and Judgment has become Final; and

(f) The time for any appeal of the Final Order and Judgment has expired.

**15. MISCELLANEOUS PROVISIONS.**

15.1 The recitals and exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

15.2 The Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms

and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

15.3 This Settlement Agreement is for settlement purposes only. No provision contained in this Settlement Agreement or any action taken hereunder shall constitute or be construed as an admission of the merit or validity of any claim or any fact alleged in the Lawsuit or of any wrongdoing, fault, violation of law, or liability of any kind on the part of U-Haul or the Released Persons or any admission by U-Haul or the Released Persons with respect to any claim or allegation made in any action or proceeding or any concession as to the merit of any of the claims asserted by Plaintiffs in the Lawsuit. This Settlement Agreement shall not be offered or be admissible in evidence against either Party or the Released Persons or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by U-Haul or the Released Persons that Plaintiffs' claims or any similar claims are suitable for class treatment outside of this Settlement.

15.4 In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing such agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement in order to give this Settlement Agreement full force and effect.

15.5 No Person shall have any claim against Plaintiffs, Class Counsel, U-Haul, U-Haul Counsel, the Settlement Administrator, the Released Persons, or their agents based on

administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any court order.

15.6 This Settlement Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Lawsuit. This Settlement Agreement supersedes all prior negotiations and agreements with respect to the settlement of the Lawsuit and may not be modified or amended, except by a writing signed by or on behalf of the Parties or their respective successors-in-interest. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on, except as expressly set forth in this Settlement Agreement.

15.7 There shall be no waiver of any term or condition absent an express writing to that effect by the waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

15.8 In the event a third party, such as a bankruptcy trustee, former spouse, or other third party, has or claims to have a claim against any payment made or to be made to a Settlement Class Member, it is the sole responsibility of the Settlement Class Member to transmit the funds to such third party in satisfaction of such claims.

15.9 The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Lawsuit. The Settlement compromises and releases claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties each agree that the Settlement was negotiated in good faith by the Parties and was reached voluntarily after consultation with competent legal counsel. The

Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Lawsuit was brought or defended in bad faith or without a reasonable basis. It is agreed that neither Party shall have any liability to one another as it relates to the Lawsuit, except as set forth herein.

15.10 This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

15.11 The Court shall retain jurisdiction, after entry of the Final Order and Judgment, with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court for purposes of the implementation and enforcement of the Settlement embodied in this Settlement Agreement and any dispute with respect thereto.

15.12 This Settlement Agreement shall be construed under and governed by the laws of Arizona without regard to its choice of law provisions.

15.13 In the event that any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision had never been a

part of this Settlement Agreement, as long as the benefits to U-Haul or the Settlement Class Members are not materially altered as the result of the invalid, illegal, or unenforceable provision.

15.14 This Settlement Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

15.15 The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa), and the use of the masculine includes the feminine (and vice-versa).

15.16 All dollar amounts are in United States dollars (USD).

15.17 This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

15.18 Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her, or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

15.19 Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ____________________________
Michelle Anderson

Date: April __, 2024 ____________________________
Saray Hendricks

Date: April__, 2024 ____________________________
Peter Telford

Date: April __, 2024 ____________________________
Hulises Rolon

Date: April __, 2024 ____________________________
Denise Bowen

Date: April __, 2024 ____________________________
Bryan Bowen

Date: April __, 2024 ____________________________
Gerardo Rivera

Date: April__, 2024 ____________________________
Mark Johnson

Date: April__, 2024 ____________________________
Ariana Allen

Date: April __, 2024

______________________________
U-Haul International, Inc.

Approved by Counsel:

Dated: April __, 2024

*/s/* ______________________________
Alfred J Saikali (admitted *pro hac vice*)
**SHOOK HARDY & BACON LLP**
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: (305) 358-5171
asaikali@shb.com

*Attorneys for U-Haul International, Inc.*

Dated: April __, 2024

*/s/* ______________________________
Terence R. Coates (admitted *pro hac vice*)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 665-0204
tcoates@msdlegal.com

*Proposed Class Counsel for Plaintiffs and the Settlement Class*

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| Notice Date | +30 days |
| U-Haul will deposit $1,000,000 into the Qualified Settlement Fund | +21 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | _______________, 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| U-Haul to deposit the remaining $4,085,000 into the Settlement Fund | +52 days |

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ______________________ Michelle Anderson

Date: April __, 2024 ______________________ Saray Hendricks

Date: April__, 2024 ______________________ Peter Telford

Date: April __, 2024 ______________________ Hulises Rolon

Date: April 23, 2024 DocuSigned by: DENISE BOWEN 325815DA561847B... Denise Bowen

Date: April __, 2024 ______________________ Bryan Bowen

Date: April __, 2024 ______________________ Gerardo Rivera

Date: April__, 2024 ______________________ Mark Johnson

Date: April__, 2024 ______________________ Ariana Allen

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024

_________________________
Michelle Anderson

Date: April __, 2024

_________________________
Saray Hendricks

Date: April__, 2024

_________________________
Peter Telford

Date: April __, 2024

_________________________
Hulises Rolon

Date: April __, 2024

_________________________
Denise Bowen

04 / 24 / 2024
Date: April __, 2024

_________________________
Bryan Bowen

Date: April __, 2024

_________________________
Gerardo Rivera

Date: April__, 2024

_________________________
Mark Johnson

Date: April__, 2024

_________________________
Ariana Allen



Doc ID: 9d17b7914ce44d2d3b12ed73b80db76814c7aca5

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ______________________________
Michelle Anderson

04 / 24 / 2024
Date: April __, 2024 Saray Hendricks
______________________________
Saray Hendricks

Date: April__, 2024 ______________________________
Peter Telford

Date: April __, 2024 ______________________________
Hulises Rolon

Date: April __, 2024 ______________________________
Denise Bowen

Date: April __, 2024 ______________________________
Bryan Bowen

Date: April __, 2024 ______________________________
Gerardo Rivera

Date: April__, 2024 ______________________________
Mark Johnson

Date: April__, 2024 ______________________________
Ariana Allen



Doc ID: 0cb7bb591b2c3589bd995fd01ebbd783a0343a1f

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024

______________________________
Michelle Anderson

Date: April __, 2024

______________________________
Saray Hendricks

Date: April__, 2024

______________________________
Peter Telford

Date: April 24, 2024

DocuSigned by:
817097E66BF2477...
______________________________
Hulises Rolon

Date: April __, 2024

______________________________
Denise Bowen

Date: April __, 2024

______________________________
Bryan Bowen

Date: April __, 2024

______________________________
Gerardo Rivera

Date: April__, 2024

______________________________
Mark Johnson

Date: April__, 2024

______________________________
Ariana Allen

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ______________________________
Michelle Anderson

Date: April __, 2024 ______________________________
Saray Hendricks

Date: April__, 2024 ______________________________
Peter Telford

Date: April __, 2024 ______________________________
Hulises Rolon

Date: April __, 2024 ______________________________
Denise Bowen

Date: April __, 2024 ______________________________
Bryan Bowen

Date: April 26, 2024 DocuSigned by: Gerardo Rivera
D415CF2AC0F04B8...
Gerardo Rivera

Date: April__, 2024 ______________________________
Mark Johnson

Date: April__, 2024 ______________________________
Ariana Allen

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ____________________ Michelle Anderson

Date: April __, 2024 ____________________ Saray Hendricks

Date: April 23, 2024 Pete Telford ____________________ Peter Telford

Date: April __, 2024 ____________________ Hulises Rolon

Date: April __, 2024 ____________________ Denise Bowen

Date: April __, 2024 ____________________ Bryan Bowen

Date: April __, 2024 ____________________ Gerardo Rivera

Date: April__, 2024 ____________________ Mark Johnson

Date: April__, 2024 ____________________ Ariana Allen

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

04 / 26 / 2024
Date: April __, 2024 Michele Anderson
_________________________
Michelle Anderson

Date: April __, 2024 _________________________
Saray Hendricks

Date: April__, 2024 _________________________
Peter Telford

Date: April __, 2024 _________________________
Hulises Rolon

Date: April __, 2024 _________________________
Denise Bowen

Date: April __, 2024 _________________________
Bryan Bowen

Date: April __, 2024 _________________________
Gerardo Rivera

Date: April__, 2024 _________________________
Mark Johnson

Date: April__, 2024 _________________________
Ariana Allen



Doc ID: 504bb6b298f3aee737b89e0491ef5921430c4e44

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ____________________________
Michelle Anderson

Date: April __, 2024 ____________________________
Saray Hendricks

Date: April__, 2024 ____________________________
Peter Telford

Date: April __, 2024 ____________________________
Hulises Rolon

Date: April __, 2024 ____________________________
Denise Bowen

Date: April __, 2024 ____________________________
Bryan Bowen

Date: April __, 2024 ____________________________
Gerardo Rivera

Date: April 26, 2024 Mark Johnson (Apr 26, 2024 15:20 PDT)
____________________________
Mark Johnson

Date: April__, 2024 ____________________________
Ariana Allen

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

Date: April __, 2024 ____________________________
Michelle Anderson

Date: April __, 2024 ____________________________
Saray Hendricks

Date: April__, 2024 ____________________________
Peter Telford

Date: April __, 2024 ____________________________
Hulises Rolon

Date: April __, 2024 ____________________________
Denise Bowen

Date: April __, 2024 ____________________________
Bryan Bowen

Date: April __, 2024 ____________________________
Gerardo Rivera

Date: April__, 2024 ____________________________
Mark Johnson

04 / 25 / 2024
Date: April__, 2024 ____________________________
Ariana Allen



Doc ID: 62cf91b1de6537628bcb15b1fdd07efc6400d608

Date: April 30, 2024

U-Haul International, Inc.

Approved by Counsel:

Dated: April 30, 2024

/s/

Alfred J Saikali (admitted *pro hac vice*)
**SHOOK HARDY & BACON LLP**
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Telephone: (305) 358-5171
asaikali@shb.com

*Attorneys for U-Haul International, Inc.*

Dated: April 30, 2024

/s/

Terence R. Coates (admitted *pro hac vice*)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 665-0204
tcoates@msdlegal.com

*Proposed Class Counsel for Plaintiffs and the Settlement Class*

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| Notice Date | +30 days |
| U-Haul will deposit $1,000,000 into the Qualified Settlement Fund | +21 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | ________________, 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| U-Haul to deposit the remaining $4,085,000 into the Settlement Fund | +52 days |

# EXHIBIT A

Durgan v. U-Haul International Inc.
c/o Settlement Administrator
PO Box XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**NOTICE OF CLASS ACTION SETTLEMENT**

**If you received a notice of data incident from U-Haul and resided in California between November 5, 2021, and April 5, 2022, or in December 2023 you are entitled to submit a claim for monetary compensation under a class action settlement.**

**www.uhauldatasettlement.com**

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS A CLASS MEMBER?

In the lawsuit *Durgan, et al. v. U-Haul International, Inc.*, No. 1:22-cv-1565 (D. Ariz.), you are a class member if you resided in the State of California during the Data Incidents that U-Haul International Inc.("U-Haul") experienced between November 5, 2021 and April 5, 2022, or in December 2023 (the "Settlement Class") and you previously received a notice of data incident notifying you of either data incident.

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Under the Settlement, U-Haul has agreed to pay $5,085,000 into a Settlement Fund which will be distributed to Settlement Class Members who submit valid claims, after deducting the Service Awards to the Class Representatives, class counsel's attorneys' fees and expenses, and settlement administration notice and administration costs, if such deductions are approved by the Court. All Class Members may submit claims to receive Pro Rata Monetary Payments estimated to be approximately $100 if 10% of the roughly 259,300-person Settlement Class submit valid claims. Claims for the estimated $100 payment option will be pro rata adjusted up or down based on the remaining balance of the Settlement Fund after the deduction of settlement administration costs and expenses, attorneys' fees and expenses, and any class representative service awards. U-Haul has also agreed to implement or continue a series of cybersecurity enhancements to limit the likelihood of a future cyberattack. You must timely submit a valid Claim Form to receive compensation from the $5,085,000 Settlement Fund. More information about submitting a claim for a Pro Rata Monetary Payment is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for a monetary payment, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at www.uhauldatasettlement.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than **_______, 2024**. Kroll Settlement Administration, LLC is the Settlement Administrator.

**Opt Out**. You may exclude yourself from the settlement and retain your ability to sue U-Haul on your own by mailing a written request for exclusion to the Settlement Administrator that is post marked no later than **_______, 2024**. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the released claims.

**Object**. If you do not exclude yourself, you have the right to object to the settlement. Written objections must be signed, postmarked no later than **________, 2024**, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing on _____, 2024 at [time].** All persons who timely object to the settlement by ____, 2024 may appear at the Final Approval Hearing.

**Who are the Class Representatives?** Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Mark Johnson, Gerardo Rivera, and Arianna Allen are the Plaintiffs and Class Representatives in this lawsuit. They have remained engaged in representing the Class's interests during this litigation and reviewed and approved the terms of the proposed Settlement. Each Plaintiff will seek a Service Award of $2,000.00. There are approximately 259,300 Settlement Class Members whose driver's license information may have been impacted in U-Haul's Data Incidents.

**Who are the attorneys for the Plaintiffs and the proposed Class?** Class Counsel is Terence R. Coates, Markovits, Stock & DeMarco, LLC.

**Do I have any obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount not to exceed 30% of the $5,085,000 Settlement Fund (*i.e.* no more than $1,525,500) and the expenses will not exceed $70,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court.

**When is the Final Approval Hearing?** The final approval hearing, where the Court will determine if the settlement is fair, reasonable, and adequate, will be conducted on **_______ 2024** at [time].

**Who is the Judge overseeing this settlement?** Judge Michael T. Liburdi, United States District Judge, District of Arizona.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** www.uhauldatasettlement.com.

******* If you wish to receive just the Pro Rata Monetary Payment, the attached tear off claim form should suffice. You may also submit a claim online through the Settlement Website. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed settlement.**

______________________________

______________________________

______________________________

Postage
Required

Durgan et al. v. U-Haul
International Inc.
c/o Settlement Administrator
PO Box XXXX
(city, state, zip code)

<<Barcode>> Class Member ID:
<<Refnum>>

**CLAIM FORM**

**Claims for a Pro Rata Monetary Payment of roughly $100 must be postmarked no later than _________, 2024. You may also submit a Claim Form online no later than _________, 2024.**

NAME: ____________________________________________________

MAILING ADDRESS:_________________________________________________________

**Monetary Payment**: Would you like to receive a monetary payment under the Settlement? (circle one) Yes No

If you are a Settlement Class Member, you may receive a monetary payment of roughly $100 per Data Incident, which may be increased or decreased *pro rata* based on the amount of funds remaining in the Settlement Fund after all claims are received.

**Select from one of the following payment options:**
*PayPal ______ *Venmo_____ *Zelle_____ Check ____

*Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account: ___________________________________________________

**By signing my name below, I swear and affirm that the information included in this Claim Form is true and accurate, and that I am completing this Claim Form to the best of my personal knowledge.**

**_______________________________________ (signature)**

# EXHIBIT B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA**

***Durgan, et al. v. U-Haul International Inc.*, No. CV-22-01565 (D. Ariz.)**
**A court has authorized this notice. This is not a solicitation from a lawyer.**

---

**If You Were Subject to a U-Haul International Inc. Data Incident, Are a Resident of the State of California, and Previously Received a Notice Letter Notifying You of the Data Incidents, You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $5,085,000 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns two data incidents that occurred in September 2022 (the "2022 Data Incident") and in December 2023 (the "2023 Data Incident") involving U-Haul International Inc. ("U-Haul" or "Defendant") in which it was determined that an unauthorized third party may have gained access to certain U-Haul files containing sensitive personal information U-Haul customers' personal information, including names and driver's license numbers ("Private Information"). U-Haul denies any wrongdoing and denies that it has any liability but has agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a claim, you must have received a Notice of Data Incident letter related to either U-Haul Data Incident and resided in California at any time during either incident, between November 5, 2021 to April 5, 2022, or on about December 5, 2023.
- Eligible claimants under the Settlement Agreement will be eligible to receive the following Settlement benefit:

  - **Pro Rata Monetary Payment: Estimated $100 monetary payment from the Settlement Fund that will be increased or decreased pro rata depending on the amount remaining in the Settlement Fund after allocation of the Settlement Fund for Class Representative Service Awards, attorneys' fees and expenses, and Settlement Administration Expenses.**

- For more information or to submit a claim visit **www.uhauldatasettlement.com** or call 1-###-###-#### Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | **Summary of Legal Rights** | **Deadline(s)** |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before __________, **2024** |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant for the same claims if you are a Settlement Class Member. | Submitted or Postmarked on or Before __________, **2024** |
| **Object to the** | You can write to the Court about | Received on or Before |

| | | |
|---|---|---|
| **Settlement and/or Attend the Final Approval Hearing** | why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on **__________, 2024** about the fairness of the Settlement, with or without your own attorney. | **__________, 2024** |
| **Do Nothing** | Receive no payment. Give up rights if you are a Settlement Class Member. | No Deadline. |

- Your rights and options as a Settlement Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to class members will be made if the Court approves the Settlement and after any possible appeals are resolved.

**What This Notice Contains**


**Basic Information** .......... 2

**Who is in the Settlement** .......... 3

**The Settlement Benefits—What You Get if You Qualify** .......... 4

**How do You Submit a Claim** .......... 5

**What Does Defendant Get** .......... 5

**Excluding Yourself from the Settlement** .......... 5

**Objecting to the Settlement** .......... 6

**The Lawyers Representing You** .......... 7

**The Court's Final Approval Hearing** .......... 7

**If You Do Nothing** .......... 8

**Getting More Information** .......... 8


## BASIC INFORMATION

### 1. Why is there a notice?

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

United States District Judge Micheal L. Liburdi of the District of Arizona is overseeing this case captioned as *Durgan, et al. v. U-Haul International Inc.*, No. CV-22-01565 (D. Ariz.). The people who brought the lawsuit are called the Plaintiffs. The Plaintiffs are Michelle Anderson, Saray

Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Mark Johnson, Gerardo Rivera, and Ariana Allen. The entity being sued, U-Haul International Inc. is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claims that Defendant was responsible for two Data Incidents and asserted claims such as negligence, breach of implied contract, violation of the Driver's Privacy Protection Act, violations of the Arizona Consumer Fraud Act, violation of the California Consumer Privacy Act, violation of California's Unfair Competition Law, violation of Oregon's Unlawful Trade Practices Act, violation of New York's General Business Law, violation of the Indiana Deceptive Consumer Sales Act, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, violation of Virginia Consumer Protection Act, declaratory judgment, unjust enrichment, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, invasion of privacy, violation of the Washington Consumer Protection Act, and violation of the Arizona Consumer Fraud Act. The Court issued two motion to dismiss rulings and ultimately permitted only Plaintiffs' California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq*. ("CCPA") claim to proceed. Plaintiffs filed a Second Amended Consolidated Complaint on May 8, 2024, naming additional Class Representatives who are residents of the State of California.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

## 3. Why is this lawsuit a class action?

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

## 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The Class Representatives appointed to represent the Settlement Class and the attorneys for the Settlement Class ("Class Counsel," see Question 17) think the Settlement is best for all Settlement Class Members.

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am part of the Settlement?

You are affected by the Settlement and potentially a member of the Settlement Class if you reside in California and your Personal Information was accessed or potentially accessed in connection with the 2022 and/or 2023 Data Incident, including if you were mailed a notification by or on behalf of U-Haul regarding either Data Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are (1) the judge presiding over the class action lawsuit and the

judge's direct family members; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid request to be excluded from the Settlement.

### 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions. You may also write with questions to:

U-Haul Settlement Administrator
address
address
**www.uhauldatasettlement.com**

## THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

### 7. What does the Settlement provide?

The Settlement permits each Settlement Class Member who submits a valid Claim Form to a monetary payment of approximately $100 from the $5,085,000 Settlement Fund.

The estimated $100 pro rata payment will be dispersed after the distribution of attorneys' fees, Class Counsel's litigation expenses, Class Representative Service Awards, and Notice and Administrative Expenses. Also, as part of the Settlement, Defendant either has undertaken or will undertake certain reasonable steps to further secure its systems and environments. Notably, the pro rata monetary payment is based on 10% of the roughly 259,300 Settlement Class Members submitting valid claims under the Settlement. If only 5% of the roughly 259,300 Settlement Class Members submit valid claims under the Settlement, the pro rata monetary payment is then expected to exceed $200 per valid claim. There are approximately 2,458 Settlement Class members involved in both the 2022 Data Incident and the 2023 Data Incident. These 2,458 Settlement Class Members will be eligible to submit claims for two Pro Rata Monetary Payments under the Settlement.

## HOW DO YOU SUBMIT A CLAIM?

### 8. How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **www.uhauldatasettlement.com** or by calling 1-###-###-####. Claim Forms will also be sent to Settlement Class Members as part of the postcard notice and tear-off claim form that will be mailed to Settlement Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 9. How will claims be decided?

The Settlement Administrator, Kroll Settlement Administration LLC, will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner then the Claim will be considered invalid and will not be paid.

## 10. When will I get my payment?

The Court will hold a Final Approval Hearing on **______________, 2024 at __________.m. MST** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DOES DEFENDANT GET?

## 11. What am I giving up as part of the Settlement?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to either Data Incident. This release is described in the Settlement Agreement, which is available at **www.uhauldatasettlement.com.** If you have any questions you can talk to the law firms listed in Question 17 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

## 12. If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

## 13. If I do not exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, do not submit a Claim Form to ask for any benefit under the Settlement.

## 14. How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded or opt-out from the Settlement in *Durgan, et al. v. U-Haul International Inc.*, No. CV-22-01565 (D. Ariz.) to the Settlement Administrator by ________, 2024. For a Settlement Class Member's Opt-Out Request to be valid, it must (a) state his or her full name, address, and telephone number; (b) contain the Settlement Class Member's personal and signature (or the signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on behalf of the Settlement Class Member with respect to a claim or right, such as those in the Lawsuit); and (c) clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Class Counsel and U-Haul Counsel of any Opt-Out Requests. You must mail your exclusion request postmarked by **___________, 2024,** to:

U-Haul Settlement Administrator
Attn: Exclusion Request
address
address

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, timely written notice of an objection in the appropriate form must be filed with the Clerk of the Court on or before the Objection Deadline: **[Month, Date], 2024.** The address for the Clerk of Court is Untied States District Court of Arizona – Phoenix Division, Sandra Day O'Connor U.S. Courthouse, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003.

Your objection must be written and must include all of the following: (i) state the objecting Settlement Class Member's full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Member's signature; and (iii) set forth a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable.

To be timely, an Objection in the appropriate form must be filed with the Clerk of the Court and mailed or hand delivered concurrently upon Class Counsel and U-Haul Counsel at addresses set forth in the Notice no later than [60 Days after the Notice Deadline].

### 16. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment or benefit from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Settlement Class and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC as Class Counsel to represent the Class. Mr. Coates may be contacted at 119 E. Court Street Suite 530, Cincinnati, OH 45202; Email: msd@msdlegal.com; Phone (513) 651-3700.

Plaintiffs' counsel who worked with Class Counsel to represent Plaintiffs in this matter, including M. Anderson Berry, Arnold Law Firm; Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman PLLC; Kiley L. Grombacher, Bradley Grombacher LLP; Cristina Perez Hesano, Perez Law Group LLP; A. Brooke Murphy, Murphy Law Firm; Ryan D. Maxey, Maxey Law Firm PA; William B. Federman, Federman & Sherwood; John Y. Yanchunis, Morgan & Morgan; Marc E. Dann, Dann Law; Courtney Maccarone, Levi & Korsinsky LLP; and, Thomas A. Zimmerman, Jr., Zimmerman Law Offices PC.

If you seek to be represented by your own lawyer, then you may hire one at your own expense.

## 18. How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to 30% of the Settlement Fund ($1,525,500), plus reasonable litigation expenses not to exceed $70,000.00, as well as service awards of $2,000.00 for each Class Representative. Defendant has not agreed to any award of attorneys' fees, costs, and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel and Plaintiffs' Counsel and Service Awards will be made out of the Settlement Fund. Any such award would compensate Class Counsel and Plaintiffs' Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and expenses for Class Counsel and Plaintiffs' Counsel and any Service Awards must be approved by the Court. The Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than _______________, 2024 and their application for attorneys' fees, costs, and expenses will be filed no later than _______________, 2024 and will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at _______ m. MT on _______________, 2024, at the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, AZ 85003 or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees, reasonable costs and expenses, and any service awards. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice. Class Counsel recommends checking **www.uhauldatasettlement.com** or calling 1-###-###-#### before the date of the Final Approval Hearing for any updates.

## 20. Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time

with the Court and mailed it according to the instructions provided in Question 15, the Court will consider it.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the final approval hearing. To do so, you must file an objection according to the instructions in Question 14, including all the information required. Your objection must be **filed** with the Clerk of the Court no later than _____________, 2024. See No. 16 for further details on the requirements for submitting an objection to the Settlement.

If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted.

**IF YOU DO NOTHING**

## 22. What happens if I do nothing?

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Data, ever again.

**GETTING MORE INFORMATION**

## 23. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.uhauldatasettlement.com.** You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This Notice is approved by the United States District Court for the District of Arizona. **DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

# EXHIBIT C

*0000000000000*
0 0 0 0 0 0 0 0 0 0 0 0 0

| | | |
|---|---|---|
| **YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE <<DATE>>** | Durgan, et al. v U-Haul International, Inc.<br>c/o Kroll Settlement Administration LLC<br>PO Box XXX<br>New York, NY 10150-5324 | FOR OFFICE USE ONLY |

## ***Durgan, et al. v. U-Haul International, Inc.,***

United States District Court for the District of Arizona (Case No. CV-22-cv-01565)

## CLAIM FORM

**SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT WWW.UHAULDATASETTLEMENT.COM**

## GENERAL CLAIM FORM INFORMATION

You may complete and submit this Claim Form online or by mail if you (1) resided in the State of California between November 5, 2021 and April 5, 2022, and your personal information was compromised in the 2022 Data Incident that U-Haul International, Inc. sent a Notice of Recent Security Incident regarding in September 2022; or (2) you resided in the State of California on December 5, 2023 and your personal information was compromised in the 2023 Data Incident that U-Haul International, Inc. sent a Notice of Recent Security Incident regarding in February 2024 (the "Settlement Class").

If you wish to submit a Claim for a settlement monetary payment, please provide the information requested below. You must submit your Claim via the Settlement Website by the Claims Deadline of **<<date>>**, or complete and mail this Claim Form to the Settlement Administrator, postmarked by **<<date>>**.

Settlement Class Members who file a valid Claim Form will be eligible to receive a pro rata monetary payment from the Settlement Fund. Settlement Class Members will receive one (1) payment for approximately $100.

The Postcard Notice describes your legal rights and options. Please visit the official Settlement Website, www.uhauldatasettlement.com, or call (xxx) xxx-xxxx for more information.

## TO SUBMIT A CLAIM FOR PAYMENT:

1. Complete all sections of this Claim Form.
2. Sign the Claim Form.
3. Submit the completed Claim Form to the Settlement Administrator so that it is postmarked by **<<date>>.**

This Claim Form should only be used if a Claim is being mailed and is not being filed online. You may go to www.uhauldatasettlement.com to submit your Claim online, or you may submit this Claim Form by mail to the address at the top of this form. Note that postage to send the Claim Form by mail is not pre-paid.

**Payment will be mailed in the form of a check to the address you provide below. If you would like to receive a payment electronically (e.g., via Venmo, Zelle, PayPal, or ACH), you must submit a Claim Form online at www.uhauldatasettlement.com.**

*0000000000000*
0 0 0 0 0 0 0 0 0 0 0 0 0

*00000* *CF* *Page 1 of 2*
00000 CF Page 1 of 2

**1. Settlement Class Member Information**

________________________________ ___ ______________________________________

*First Name MI *Last Name

_____________________________________________________________________________

*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

____________________________________ ___ ___ ___ ___ ___ ___ ___ - ___ ___ ___ ___

*City *State *Zip Code Zip4 (Optional)

_________________________________________________@_________________________

*Current Email Address

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Current Phone Number (Optional)

*Settlement Claim ID: 00000 ___ ___ ___ ___ ___ ___ ___ ___
*Settlement Claim ID: Your Settlement Claim ID can be found on the Postcard Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at (xxx) xxx-xxxx.

**2. Monetary Payment**

☐ I confirm that I was a resident of the State of California between November 5, 2021 and April 5, 2022, or on December 5, 2023, my personal information was compromised in a U-Haul Data Incident, and I seek to receive a monetary payment under the Settlement.

**3. Certification**

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_________________________________ ___ ___ / ___ ___/ ___ ___ ___ ___

Signature Date (mm/dd/yyyy)

*0000000000000*
0 0 0 0 0 0 0 0 0 0 0 0 0

Print Name

**Please keep a copy of your completed Claim Form for your records.**

Mail your completed Claim Form to the Settlement Administrator:

Durgan, et al. v. U-Haul International, Inc.
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-5324

or submit your Claim online at
**www.uhauldatasettlement.com**

It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your Claim. You can update your contact information on the Contact page at **www.uhauldatasettlement.com.**

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelle Anderson; Saray Hendricks; Peter Telford; Hulises Rolon; Denise Bowen; Bryan Bowen; Mark Johnson; Gerardo Rivera; and Ariana Allen, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U-Haul International, Incorporated,<br><br>Defendant. | Lead Case No. CV-22-01565-PHX-MTL<br><br>Consolidated with:<br><br>Case No.: 2:22-cv-01608;<br>Case No.: 2:22-cv-01625;<br>Case No.: 2:22-cv-01631;<br>Case No.: 2:22-cv-01658;<br>Case No.: 2:22-cv-01693.<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This case is before the Court on Plaintiffs Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen's (collectively "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated April 30, 2024, (the "Settlement"); the proposed Short Form Notice, Long Form Notice, and Claim Form (attached as Exhibits A, B, and C, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown: **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

**<u>Preliminary Approval of Settlement Agreement</u>**

Unless otherwise defined herein, all capitalized terms as used in this Order shall have the definitions and meanings accorded to them in the Settlement Agreement.

1. The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant U-Haul International, Inc. ("U-Haul" or Defendant"), and any party to any agreement that is part of or related to the Settlement Agreement.

2. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

**<u>Class Certification</u>**

3. Solely for purposes of the Settlement, the Court conditionally certifies the following Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> **All individuals who resided in California at any time during, and whose PII was compromised in, the data incident that is the subject of *Notice of Recent Security Incident* that Defendant sent to Plaintiffs and Settlement Class members on or around September 9, 2022 and the data incident that is the subject of the Notice of Recent Security Incident that Defendant sent to Plaintiff Allen and 2023 Data Incident plaintiffs on or around February 22, 2024, respectively (the "Settlement Class"). Excluded from the Settlement Class are: (i) U-Haul, Inc.; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incidents or who pleads nolo contendere to any such charge.**

4. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b) are satisfied in that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class;

(d) the Claims of Plaintiffs are typical of those of Settlement Class Members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class, and;

(f) settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

5. The Court appoints Terence R. Coates as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. The Court hereby appoints Plaintiffs Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

7. At the hearing for Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, the Court approved the Settlement Agreement, as well as the Long Notice and the Short Notices attached as Exhibits A and B, respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth the Settlement Agreement ("Notice Plan") complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process of law, and is the best notice practicable under the circumstances.

8. The Court further approves the Claim Form, substantially similar to Exhibit C attached to the Settlement Agreement. The Claim Form, Exhibit C to the Settlement Agreement, will be available on the Settlement Website and by request.

9. The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement Agreement, the Settlement Administrator shall send the Short Notices to each Settlement Class Member through mailing the Short Form Notices via electronic mail and/or U.S. Mail, first-class; and shall publish the Long Notice on the Settlement Website as stated in the proposed Notice Plan. All mailings and remailings to any Settlement Class Members shall be completed (45) forty-five days from the date of this Order preliminarily approving the Settlement Agreement. Contemporaneously with seeking Final Approval of the Settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

11. All costs incurred in disseminating or otherwise in connection with the Settlement Notice shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

12. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and are thus approved for dissemination to the Settlement Class. The Claim Forms shall be made available to the

Settlement Class Members as set forth in the Notice Plan and shall be made available to any potential Class Member that requests one.

**<u>Attorneys' Fees, Costs, and Service Awards</u>**

13. The Settlement Agreement provides that, as part of the Settlement, that Class Counsel will request an amount of attorneys' fees not to exceed 30% of the $5,085,000 Settlement Fund ($1,525,500) and reimbursement of litigation expenses not to exceed $70,000.00 to be paid to Class Counsel and Plaintiffs' Counsel. Pursuant to the Settlement, Plaintiffs shall file their motion requesting attorneys' fees, costs, and service awards within 46 days after the Notice Date.

**<u>Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing</u>**

14. Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Date (the "Opt-Out Deadline").

15. Any member of the Settlement Class Members who wish to be excluded ("opt-out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members who opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against U-Haul.

16. Any member of the Settlement Class Members who does not properly and timely opt-out of the Settlement shall, upon entry of the Final Approval Order and Final

Judgment, be bound by all the terms and provisions of the Settlement Agreement and Released Claims, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

17. The Court adopts the following schedule for the remaining events in this case:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| Notice Date | +30 days |
| U-Haul will deposit $1,000,000 into the Qualified Settlement Fund | +21 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | _______________, 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| U-Haul to deposit the remaining $4,085,000 into the Settlement Fund | +52 days |

18. A hearing on the Settlement (the "Final Approval Hearing") shall be held before the Court ____________________, 2024 at ___ _.m.

19. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the release of claims and release of U-Haul; (d)

entry of a final approval order; and (e) entry of final judgment in this Litigation. Proposed Class Counsel's application for award of attorney's fees and expenses, and requests for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

20. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Fairness Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Fairness Hearing will be posted on the Settlement Website.

21. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney. Settlement Class Members who do not timely object or opt-out and that do not have an attorney who enters an appearance on their behalf will be represented by Class Counsel.

22. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Proposed Class Counsel's Application for fees and expenses, or (d) the service award request, by (i) serving a written objection upon Proposed Class Counsel and U-Haul's counsel or (ii) filing the written objection with the Court through the Court's ECF system, with service on Proposed Class Counsel and U-Haul's counsel made through the ECF system.

23. Any Settlement Class Member making the objection (an "Objector") must submit the objection in writing and include all the following information: a) the objecting Settlement Class members' full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Members' signature; and (iii) set forth a statement of all ground for the objection, including any legal support for the objection that the objector believes applicable. To be timely, any objection must be filed with the Clerk of Court no later than sixty (60) Days after Notice Date.

24. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted.

25. If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least thirty (30) Days before the Final Approval Hearing.

26. In order to be timely, objections, along with any notices of intent to appear, must be mailed to Proposed Class Counsel and U-Haul's Counsel with a postmark date of no later than sixty (60) days after the Notice Commencement Date or filed with the Court no later than sixty (60) days after the Notice Commencement Date.

27. Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Fairness Hearing. Any Settlement Class Member who does not timely mail or file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Released Claims

and Released Parties; (c) entry of Final Approval Order or any judgment; (d) Proposed Class Counsel's application for fees, costs, and expenses, and/or (e) the Service Award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

29. Upon entry of the Order and Final Judgment, all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against U-Haul with respect to all of the Released Claims and the Released Parties.

30. The Settlement Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. 1715. Class Counsel and Counsel for U-Haul shall cooperate promptly and fully in the preparation of such notices, including providing U-Haul with any and all information in their possession necessary for the preparation of these notices. U-Haul shall provide courtesy copies of the notices to Proposed Class Counsel for the purpose of implementing the settlement. U-Haul shall file a notice of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

**Administration of the Settlement**

31. The Court hereby appoints the settlement administrator proposed by the parties, Kroll Settlement Administration LLC (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) administering the

Settlement Fund, and; (f) distributing settlement benefits to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and costs of administration shall be paid from the Settlement Fund.

32. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against U-Haul, and shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation. The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

33. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by U-Haul as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

**IT IS SO ORDERED.**

Dated: ____________________

______________________________________
THE HON. MICHAEL T. LIBURDI
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelle Anderson; Saray Hendricks; Peter Telford; Hulises Rolon; Denise Bowen; Bryan Bowen; Mark Johnson; Gerardo Rivera; and Ariana Allen, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U-Haul International, Incorporated,<br><br>Defendant. | Lead Case No. CV-22-01565-PHX-MTL<br><br>Consolidated with:<br><br>Case No.: 2:22-cv-01608;<br>Case No.: 2:22-cv-01625;<br>Case No.: 2:22-cv-01631;<br>Case No.: 2:22-cv-01658;<br>Case No.: 2:22-cv-01693.<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards.

Having reviewed and considered the Settlement Agreement, Unopposed Motion for Final Approval, and Motion for Attorneys' Fees, Expenses, and Service Awards, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

WHEREAS, on ____________, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. ___) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs Michelle Anderson,

Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen as the Class Representatives and appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

WHEREAS, on __________, 2024 pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

WHEREAS, on ________, 2024, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Before the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to Notice was filed with the Court. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the Settlement Agreement, the award of attorneys' fees and expenses to Class Counsel, and the payment of a Service Awards to the Class Representatives;

WHEREAS, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

WHEREAS, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the motion made by Class Counsel for attorneys' fees, and expenses, and the motion for Service Awards to the Representative Plaintiffs listed above, and having reviewed the materials in support thereof, and good cause appearing:

IT IS ORDERED that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Second Amended Consolidated Class Action Complaint, wherein Plaintiffs allege that Defendant failed to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability or wrongdoing by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order Granting Final Approval of Class Action Settlement and Judgment ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> **All individuals who resided in California at any time during, and whose PII was compromised in, the data incident that is the subject of *Notice of Recent Security Incident* that Defendant sent to Plaintiffs and Settlement Class members on or around September 9, 2022 and the data incident that is the subject of the Notice of Recent Security Incident that Defendant sent to Plaintiff Allen and 2023 Data Incident plaintiffs on or around February 22, 2024, respectively (the "Settlement Class"). Excluded from the Settlement Class are: (i) U-Haul, Inc.; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incidents or who pleads nolo contendere to any such charge.**

The Settlement Class contains approximately 262,000 individuals.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in

both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, including the following distributions from the $5,085,000 Settlement Fund:

a. Expenses for Settlement Administration, including the reasonable cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

c. Class Representative Service Awards in the amount of $2,000 to each Class Representative;

d. Attorneys' fees of $___________ and expenses of $___________ to Class Counsel and Plaintiffs' Counsel;

e. Pro Rata Monetary Payments of the remaining amount of the Settlement Fund after the deductions of the items in (a)-(d) of this Paragraph to each Settlement Class Member submitting a valid claim under the Settlement.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The Settlement Agreement, including its terms, is fair, adequate, and reasonable and is hereby approved, adopted, and incorporated fully by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' application for attorneys' fees and expenses, and the

Service Awards to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, _________ Settlement Class Members submitted timely and valid requests to be excluded from the Settlement. Their names are set forth in an exhibit to the Settlement Administrator's Declaration attached to Plaintiffs' Unopposed Motion for Final Approval. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment, and those persons shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement, as set forth in the Settlement Agreement.

12. ____ objections were filed by Settlement Class Members.

13. All Settlement Class Members who have not submitted timely and valid objections to the Settlement Agreement in the manner provided in the Settlement

Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16. Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members who submitted valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members are (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the Released Parties from all Released Claims (including Unknown Claims) as set forth and defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of the persons who have timely excluded themselves from the Settlement Class.

21. The Court grants final approval to the appointment of Plaintiffs Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

22. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to each of the Class Representatives in the following amounts as a Service Award: Laura Leather is awarded a Service Award in the amount of $2,000 to Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

23. The Court grants final approval to the appointment of Terence R. Coates as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $________. Reasonable expenses of $______ are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement. Class Counsel shall have the discretion to apportion attorneys' fees among Plaintiffs' Counsel.

25. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any

violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or be deemed admissible as an admission by Defendant that Plaintiffs' claims or any claims that were or could have been asserted in the Litigation are suitable for class treatment or any other Litigation purpose. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

26. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the

terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already reasonably billed or incurred for costs of notice to the Settlement Class, and Settlement Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

27. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) and the Parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29. This Order resolves all claims against all Parties in this action and is a final order.

30. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

SO ORDERED THIS ______ DAY OF ________________, 2024.

_________________________________
THE HON. MICHAEL T. LIBURDI
UNITED STATES DISTRICT COURT JUDGE