# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felicia Durgan, et al., | No. CV-22-01565-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| U-Haul International Incorporated, | |
| Defendant. | |

This case is before the Court on Plaintiffs Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen's (collectively "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion") (Doc. 52).

The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated April 30, 2024, (the "Settlement") (Doc. 52-1 at 2-51); the proposed Short Form Notice, Long Form Notice, and Claim Form (attached as Exhibits A, B, and C, respectively, to the Settlement Agreement) (*id.* at 52-69); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown:

**IT IS ORDERED** that the Motion (Doc. 52) is **granted**.

**IT IS FURTHER ORDERED** as follows:

### Preliminary Approval of Settlement Agreement

Unless otherwise defined herein, all capitalized terms as used in this Order shall

have the definitions and meanings accorded to them in the Settlement Agreement.

1. The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant U-Haul International, Inc. ("U-Haul" or "Defendant"), and any party to any agreement that is part of or related to the Settlement Agreement.

2. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

## Class Certification

3. Solely for purposes of the Settlement, the Court conditionally certifies the following Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Settlement Class"):

> **All individuals who resided in California at any time during, and whose PII was compromised in, the data incident that is the subject of *Notice of Recent Security Incident* that Defendant sent to Plaintiffs and Settlement Class members on or around September 9, 2022 and the data incident that is the subject of the Notice of Recent Security Incident that Defendant sent to Plaintiff Allen and 2023 Data Incident plaintiffs on or around February 22, 2024, respectively (the "Settlement Class"). Excluded from the Settlement Class are: (i) U-Haul, Inc.; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incidents or who pleads nolo contendere to any such charge.**

4. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Rule 23(a) and (b) of the Federal Rules of Civil Procedure are satisfied in that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class;

(d) the Claims of Plaintiffs are typical of those of Settlement Class Members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class; and

(f) settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

5. The Court appoints Terence R. Coates as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. The Court hereby appoints Plaintiffs Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

7. At the hearing for Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, the Court approved the Settlement Agreement, as well as the Long Notice and the Short Notices attached as Exhibits A and B, respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in the Settlement Agreement ("Notice Plan") complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process of law, and is the best notice practicable under the circumstances.

8. The Court further approves the Claim Form, substantially similar to Exhibit C attached to the Settlement Agreement. The Claim Form, Exhibit C to the Settlement Agreement, will be available on the Settlement Website and by request.

9. The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement Agreement, the Settlement Administrator shall send the Short Notices to each Settlement Class Member through mailing the Short Form Notices via electronic mail and/or U.S. Mail, first-class; and shall publish the Long Notice on the Settlement Website as stated in the proposed Notice Plan. All mailings and remailings to any Settlement Class Members shall be completed (45) forty-five days from the date of this Order preliminarily approving the Settlement Agreement. Contemporaneously with seeking Final Approval of the Settlement, Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

11. All costs incurred in disseminating or otherwise in connection with the Settlement Notice shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

12. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and are thus approved for dissemination to the Settlement Class. The Claim Forms shall be made available to the Settlement Class Members as set forth in the Notice Plan and shall be made available to any potential Class Member that requests one.

### Attorneys' Fees, Costs, and Service Awards

13. The Settlement Agreement provides that, as part of the Settlement, Class Counsel will request an amount of attorneys' fees not to exceed 30% of the $5,085,000 Settlement Fund ($1,525,500) and reimbursement of litigation expenses not to exceed

$70,000.00 to be paid to Class Counsel and Plaintiffs' Counsel. Pursuant to the Settlement, Plaintiffs shall file their motion requesting attorneys' fees, costs, and service awards within 46 days after the Notice Date.

**Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing**

14. Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Date (the "Opt-Out Deadline").

15. Any member of the Settlement Class who wishes to be excluded ("opt-out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members who opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against U-Haul.

16. Any member of the Settlement Class Members who does not properly and timely opt-out of the Settlement shall, upon entry of the Final Approval Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Released Claims, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

17. The Court adopts the following schedule for the remaining events in this case:

. . .

. . .

. . .

. . .

**SETTLEMENT TIMELINE**

| Event | Deadline |
|---|---|
| | *From Order Granting Preliminary Approval* |
| Notice Date | +30 days |
| U-Haul will deposit $1,000,000 into the Qualified Settlement Fund | +21 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Claims Deadline | +120 days |
| | |
| Final Approval Hearing | October 23, 2024 |
| | *From Final Approval Hearing* |
| Motion for Final Approval | -14 days |
| | |
| | *From Order Granting Final Approval* |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| U-Haul to deposit the remaining $4,085,000 into the Settlement Fund | +52 days |

18.   A hearing on the Settlement (the "Final Approval Hearing") shall be held before the Court on **October 23, 2024, at 10:00 a.m.**

19. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the release of claims and release of U-Haul; (d) entry of a final approval order; and (e) entry of final judgment in this Litigation. Proposed Class Counsel's application for award of attorney's fees and expenses, and requests for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

20. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Fairness Hearing unless those dates are explicitly changed by subsequent Order.

21. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney. Settlement Class Members who do not timely object or opt-out and that do not have an attorney who enters an appearance on their behalf will be represented by Class Counsel.

22. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Proposed Class Counsel's Application for fees and expenses, or (d) the service award request, by (i) serving a written objection upon Proposed Class Counsel and U-Haul's counsel or (ii) hand-delivering or mailing the written objection to:

Clerk of the Court
Durgan v. U-Haul International Inc.
No. CV-22-1565-MTL consolidated with Nos. CV-22-1608-MTL, CV-22-1625-MTL,

CV-22-1631-MTL, CV-22-1658-MTL, CV-22-1693-MTL
United States District Court District
for the District of Arizona
Sandra Day O'Connor U.S. Courthouse,
401 West Washington Street,
Phoenix, AZ 85003

23. Any Settlement Class Member making the objection (an "Objector") must submit the objection in writing and include all the following information: a) the objecting Settlement Class members' full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Members' signature; and (iii) set forth a statement of all grounds for the objection, including any legal support for the objection that the Objector believes applicable. To be timely, any objection must be hand-delivered or mailed to the Clerk of Court no later than sixty (60) days after Notice Date.

24. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, and state bar(s) to which counsel is admitted.

25. If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least thirty (30) days before the Final Approval Hearing.

26. In order to be timely, objections, along with any notices of intent to appear, must be mailed to Proposed Class Counsel and U-Haul's Counsel with a postmark date of no later than sixty (60) days after the Notice Commencement Date or filed with the Court no later than sixty (60) days after the Notice Commencement Date.

27. Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Fairness Hearing. Any Settlement Class Member who does not timely mail or file and serve an objection in writing

in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Released Claims and Released Parties; (c) entry of Final Approval Order or any judgment; (d) Proposed Class Counsel's application for fees, costs, and expenses, and/or (e) the Service Award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

29. Upon entry of the Order and Final Judgment, all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against U-Haul with respect to all of the Released Claims and the Released Parties.

30. The Settlement Administrator shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for U-Haul shall cooperate promptly and fully in the preparation of such notices, including providing U-Haul with any and all information in their possession necessary for the preparation of these notices. U-Haul shall provide courtesy copies of the notices to Proposed Class Counsel for the purpose of implementing the settlement. U-Haul shall file a notice of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

### **Administration of the Settlement**

31. The Court hereby appoints the settlement administrator proposed by the parties, Kroll Settlement Administration LLC (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a web site to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; (e) administering the Settlement Fund; and (f) distributing settlement benefits to Settlement Class Members.

1  Pursuant to the Settlement Agreement, the Settlement Administrator and costs of
2  administration shall be paid from the Settlement Fund.

3      32.    In the event the Settlement Agreement and the proposed settlement are
4  terminated in accordance with the applicable provisions of the Settlement Agreement, the
5  Settlement Agreement, the proposed Settlement, and all related proceedings shall, except
6  as expressly provided to the contrary in the Settlement Agreement, become null and void,
7  shall have no further force and effect, and Settlement Class Members shall retain all of
8  their current rights to assert any and all claims against U-Haul, and shall retain any and all
9  of their current defenses and arguments thereto (including but not limited to arguments that
10 the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure are not
11 satisfied for purposes of continued litigation). The Litigation shall thereupon revert
12 forthwith to its respective procedural and substantive status prior to the date of execution
13 of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other
14 related orders and papers had not been executed.

15     33.    Neither this Order nor the Settlement Agreement nor any other
16 settlement-related document nor anything contained herein or therein or contemplated
17 hereby or thereby nor any proceedings undertaken in accordance with the terms set forth
18 in the Settlement Agreement or herein or in any other settlement-related document, shall
19 constitute, be construed as or be deemed to be evidence of or an admission or concession
20 by U-Haul as to the validity of any claim that has been or could have been asserted against
21 it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of
22 class certification for any purposes other than for purposes of the current proposed
23 settlement.

24 Dated this 14th day of June, 2024.

_____
Michael T. Liburdi
United States District Judge