IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Felicia Durgan, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>U-Haul International Incorporated,<br><br>　　　　Defendant. | No. CV-22-01565-PHX-MTL<br><br>**FINAL ORDER AND JUDGMENT** |

　　　　Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Doc. 58). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiffs ("Motion for Attorneys' Fees") (Doc. 56).

　　　　The Court, having reviewed and considered the Settlement Agreement, Unopposed Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, and good cause appearing,

　　　　**IT IS ORDERED** that the Motions (Docs. 56 and 58) are **granted**.

　　　　**IT IS FURTHER ORDERED** as follows:

<u>**Final Approval of Settlement Agreement**</u>

　　　　Unless otherwise defined herein, all capitalized terms as used in this Order shall have the definitions and meanings accorded to them in the Settlement Agreement.

　　　　1.　　　　The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation,

Plaintiffs, all Settlement Class Members, Defendant U-Haul International, Inc. ("U-Haul" or Defendant"), and any party to any agreement that is part of or related to the Settlement Agreement.[1]

2. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable, and adequate, such that it is hereby finally approved, and that sufficient notice of the Settlement was provided to the Settlement Class Members, and that a Final Approval Hearing was conducted on October 23, 2024.

## Class Certification

3. Solely for purposes of the Settlement, the Court certifies the following Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> **All individuals who resided in California at any time during, and whose PII was compromised in, the data incident that is the subject of *Notice of Recent Security Incident* that Defendant sent to Plaintiffs and Settlement Class members on or around September 9, 2022 and the data incident that is the subject of the Notice of Recent Security Incident that Defendant sent to Plaintiff Allen and 2023 Data Incident plaintiffs on or around February 22, 2024, respectively (the "Settlement Class"). Excluded from the Settlement Class are: (i) U-Haul, Inc.; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incidents or who pleads nolo contendere to any such charge.**

4. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b) are satisfied in that:

 (a) the Settlement Class is so numerous that joinder of all members is impracticable;

 (b) there are questions of law or fact common to the Settlement Class;

 (c) Plaintiffs and Class Counsel (as defined below) fairly and adequately

---

[1] "Litigation," as used throughout this Order, refers to the lawsuit *Durgan et al. v. U-Haul International Inc.*, No. 2:22-CV-01565-MTL (D. Ariz.) and all consolidated cases.

1 represent the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class;

(d) the Claims of Plaintiffs are typical of those of Settlement Class Members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class, and;

(f) settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

5. The Court appoints Terence R. Coates as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. The Court hereby appoints Plaintiffs Michelle Anderson, Saray Hendricks, Peter Telford, Hulises Rolon, Denise Bowen, Bryan Bowen, Gerardo Rivera, Mark Johnson, and Ariana Allen as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

7. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

**Notice to Settlement Class Members**

8. The Court finds that the Notice Program consisting of direct email or mailed notice to Settlement Class Members was reasonable and satisfies due process considering that 98.77% of Settlement Class Members received direct Notice of this Settlement. The Notice Program was the best notice practicable under the circumstances, constituting due and sufficient notice to all person entitled to notice.

**Attorneys' Fees, Costs, and Service Awards**

9. The Settlement Agreement provides that, as part of the Settlement, that Class Counsel will request an amount of attorneys' fees not to exceed 30% of the $5,085,000

Settlement Fund ($1,525,500) and reimbursement of litigation expenses not to exceed $70,000.00 to be paid to Class Counsel and Plaintiffs' Counsel. The Court has reviewed Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards and concludes that the attorneys' fees request of $1,525,500, the expenses request of $44,721.52, and Service Awards of $2,000 for each Class Representative, are fair and reasonable under the circumstances of this case.

### Responses by Settlement Class Members

10. There have been no objections to the Settlement and only one valid request to opt out from the Settlement. This indicates that the Settlement Class has responded favorably to the Settlement.

11. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

12. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

13. The Court will dismiss, with prejudice, all claims of the Class against Defendant in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

14. The Court finds Defendant has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

15. The Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Defendant could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

1         (a)    Plaintiffs and Class Counsel have adequately represented the proposed Class;

        (b)    the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Defendant;

        (c)    the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

        (d)    it is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

        (e)    the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

        (f)    the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

        (g)    the aggregate consideration for the Class—including the Settlement Fund, which Defendant shall cause to be funded—is commensurate with the claims asserted and being released as part of the Settlement; and,

        (h)    the terms of the Settlement Agreement treat the Settlement Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

        Therefore, pursuant to Rule 23(e) and *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members. The Court finds the Settlement Fund in the amount of $5,085,000 (equating to approximately $19.63 for each of the 259,000 class members) is comparable to other data breach settlements, and is fair, reasonable, and

adequate.[2] Settlement Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

16. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement. To the extent that any funds remain after the allocation of the Settlement Fund pursuant to the terms of the Settlement Agreement, Settlement benefit distributions will be increased or decreased pro rata, with attorneys' fees and litigation expenses, and Settlement Administration fees and expenses deducted first.

17. Pursuant to the terms of the Settlement Agreement, any amount to be distributed in the form of a *cy pres* distribution to the designated recipient, the International Association of Privacy Professionals Student Scholarship Fund, must be approved by the Court.

18. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

19. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant, or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage due to the Data Incidents. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may

---

[2] Based on the 8,472 claims filed by Settlement Class Members as of October 3, 2024, Counsel estimates each member to receive a *pro rata* payment of approximately $394, to be adjusted by the final number of valid claim forms received as well as attorneys' fees, service awards, administrative costs, and litigation expenses.

be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

20. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment.

**IT IS FINALLY ORDERED** dismissing this case and the consolidated cases, Case Nos. 2:22-CV-01608; 2:22-CV-01625; 2:22-CV-01631; 2:22-CV-01658; and 2:22-CV-01693, **with prejudice**, and directing the Clerk of the Court to enter a judgment of dismissal and close the cases.

Dated this 24th day of October, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge